# NORTH CHICAGO ROLLING MILL COMPANY

*v.*

# ANDREW MONKA.

*Filed at Ottawa March 28, 1883—Rehearing denied September Term, 1883.*

1. LIMITATION—*as to new count in declaration.* A new cause of action, distinct from that already mentioned in the declaration, can not escape the effect of the Statute of Limitations, after the time for suing upon it has elapsed, by being introduced by way of amendment or additional counts into the declaration, in an action for a different cause of action, brought before the lapse of the statutory time.

2. But when the amendment in an additional count is introduced merely to restate, in a different form, the same cause of action mentioned in the declaration as originally drawn, and not to present a new and different cause of action, the rule has no application, and the plea of the Statute of Limitations to such new count is not proper.

3. PLEADING—*additional counts—as to identity of cause of action.* In case, by a servant of a corporation against the corporation to recover for personal injuries received through negligence in the defendant, the declaration charged that defendant "carelessly and wrongfully furnished and permitted to remain in use" an insufficient and defective clamp, etc. Afterward, by leave of court, another count was filed, claiming damages for the same injury, and averring that "defendant carelessly and wrongfully permitted to become and remain in said rolling mill an unsafe, insufficient and defective clamp, and wrongfully and negligently suffered the same to become and remain in bad and unsafe repair and condition," etc.: *Held*, that the cause of action in both counts was the same, only differently stated.

4. EVIDENCE—*extracts from books on mechanics.* In an action on the case to recover for an injury caused by the use of defective machinery, there is no error in refusing to allow the party to read in evidence certain extracts from a standard work on mechanics.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

This was an action on the case, brought by the appellee, against the appellant, on March 15, 1877, to recover damages for the loss of a portion of his right foot, in November, 1876, while in the employ of the appellant as a laborer about a certain blast furnace. A trial was had at the February term, 1879, resulting in a verdict and judgment for $4000, which was reversed on appeal to the Appellate Court, and the cause remanded. (4 Bradw. 664.) Upon the cause being redocketed, the plaintiff, by leave of court, filed the additional count referred to in the opinion. A trial was again had, resulting in a verdict and judgment for $4500 in favor of the plaintiff.

Messrs. WILLARD & DRIGGS, for the appellant:

The court erred in sustaining the demurrer to appellant's plea of the Statute of Limitations to the new count. The legal effect of a demurrer to a plea is an admission that the plea is properly filed. It brings in question only the legal sufficiency of the plea. *Bobe, Admr.* v. *Frowner et ux.* 18 Ala. 89.

The order sustaining the demurrer was a judgment of the court that new and distinct causes of action may be engrafted into old suits, independent of the Statute of Limitations. Such is not the law. *Illinois Central R. R. Co.* v. *Cobb et al.* 64 Ill. 128; *Phillips* v. *Cobb*, 94 id. 548; *Dunphy* v. *Riddle*, 86 id. 22; *Crowl* v. *Nagle*, id. 437.

The court erred in sustaining objection to appellant's offer to read from 3 Knight's Mechanical Dictionary, page 2191, concerning sister hooks. The testimony of the witness Poole showed that the work was an accepted standard. The work treated upon a subject included in the exact sciences. Such works may be read from in evidence. Wharton on Evidence, sec. 667; *Connecticut Mut. Life Ins. Co.* v. *Ellis*, 89 Ill. 516.

Messrs. HYNES, ENGLISH & DUNNE, for the appellee:

The additional count allowed to be filed presented no new cause of action, but only stated the facts on which negligence was claimed in different and more explicit terms, and hence the plea of the Statute of Limitations was not proper to such count.

The court did not err in refusing to allow appellant to read to the jury passages from Knight's Mechanical Dictionary, concerning sister hooks; on the contrary, that ruling is sustained by the very authority cited by appellant,—Wharton's Evidence, sec. 665. In section 666, that author says: "Witnesses are not permitted, in their testimony, to read extracts from books on physical philosophy as primary proof." A standard work on geometry or arithmetic might properly be allowed in evidence, because these sciences are exact, and founded upon self-evident axioms; but the science of mechanics, like that of medicine, is ever changing and advancing.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is an action by Monka, against appellant, begun March 15, 1877, to recover damages for injury to his person, caused in November, 1876, while plaintiff was in the service of the corporation. The declaration originally filed attributed the injury to the fault of appellant, and in specifying that fault charged that appellant "carelessly and wrongfully furnished and permitted to remain in use" an insufficient and defective clamp, etc. While the suit was still pending, on October 2, 1880, plaintiff, by leave of court, filed an additional count, claiming damages for the same injury, and averring that "defendant carelessly and wrongfully permitted to become and remain in said rolling mill an unsafe, insufficient and defective clamp, and wrongfully and negligently suffered the same to become and remain in bad and unsafe repair and

condition," etc.   To this count defendant pleaded that the cause of action therein stated did not accrue at any time within two years next before "the exhibiting of said additional count," etc.

The court held this plea bad, on demurrer, and appellant contends this was error.   We do not think so.   The additional count was not for a cause of action in substance other and different from that stated in the first count.   It was merely another mode of telling the same story.   Had plaintiff recovered a judgment on the first count alone, and had he brought a subsequent action stating a cause of action precisely as stated in the second count, the second declaration might have been successfully answered by a plea of a former recovery, setting out the record of the first action. The damages sought are for the same injury alleged to have resulted from the defectiveness or insufficiency of the same machinery, and that the existence of such defects was by reason of the fault of defendant.   In one case the fault alleged consisted in furnishing and permitting to remain in use the defective clamp, and in the other the fault stated is, that defendant permitted the machinery to remain in use after it had become in an unsafe condition.   The substance of the additional count is identical with that of the first, varying only in the description of the particular point in which the defendant was alleged to have failed in its duty to plaintiff.   It is true that a new cause of action distinct from that mentioned in a declaration can not escape the effect of the Statute of Limitations, after the time for suing upon it has elapsed, by being introduced, by way of amendment or additional counts, into the declaration in an action for a different cause of action brought before the lapse of the statutory time, and so this court has decided; but it was at the same time declared, that where the amendment or additional count was introduced merely to restate, in a different form, the same cause of action mentioned in the declaration

as originally drawn, and not to a new and different cause, the rule has no application. *Illinois Central R. R. Co. v. Cobb*, 64 Ill. 140.

We have considered the exception to the ruling of the court in refusing the defendant the right to read certain extracts from a standard work on mechanics. This ruling is in entire harmony with the ruling of this court in *Connecticut Mutual Life Ins. Co. v. Ellis*, 89 Ill. 516, and presents no error.

We have also considered the rulings of the court in giving, refusing and modifying instructions. The objections urged are not substantial. We think, upon the whole, the law necessary to guide the jury in its deliberation was correctly given, and with sufficient fullness. The questions of fact in the case are not subject to review in this court.

Finding no error of law, we affirm the judgment.

*Judgment affirmed.*