## HAMBERG v. SINGER MANUF'G CO.

*(Common Pleas of New York City and County, Special Term.* December 13, 1888.)

MASTER AND SERVANT—ASSAULT BY SERVANT—PLEADING.

A complaint for an assault by defendant's servant must allege that it was committed by the servant for the purpose of forwarding his master's interest, and carrying out the work he was employed to do, and that he did, or thought he was doing, an act that his employment required him to do.

Action by Bernardine Hamberg against the Singer Manufacturing Company. The defendant had leased to the plaintiff one of its machines, to be paid for on installments. One of the installments became due, and the collector of the company called on the plaintiff, and demanded payment, which was refused, because, as the plaintiff stated, she had made a payment the day before to another collector, and had received a receipt. The receipt was requested to be shown, but this was refused. Thereupon the plaintiff and the collector had an altercation, during which he threatened to take away the machine, and finally he kicked the plaintiff in the abdomen, and caused her great injury. To these facts stated in the complaint the defendant demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action.

*Morris & Keane,* for plaintiff.　　*Booraem & Hamilton,* for defendant.

VAN HOESEN, J. Pleadings must be liberally construed with a view to substantial justice, (Code Civil Proc. § 519;) but the law will not assume in favor of a party anything that he has not averred, (*Cruger* v. *Railroad Co.,* 12 N. Y. 190.) The pleader has framed this complaint with a clear conception of the law that makes the master liable for a wrongful act of the servant done with a view to the performance of the master's work. He has inserted various allegations respecting the employment of the servant, and the duties that appertained to that employment, but, as I understand the complaint, it fails to aver that the assault was committed by the servant for the purpose of forwarding his master's interest, and carrying out the work that he was employed to do. It ascribes a motive to the servant, and gives the plaintiff's surmise as to the reason why the servant assaulted her; but there is no allegation that the servant, in making the assault, did, or thought he was doing, an act that his employment required him to do. It would seem that the servant beat the plaintiff because he had a quarrel with her, and that he was not doing, nor attempting to do, any act in the line of his employment when he made the assault. The demurrer is sustained, and judgment will be entered for the defendant, unless the plaintiff, within 20 days, pay the usual costs, and amend the complaint.