WILLIAM EYLENFELDT

*v.*

· THE ILLINOIS STEEL COMPANY.

*Filed at Ottawa November 9, 1896—Rehearing denied March 4, 1897.*

1. PLEADING—*new cause of action barred by statute cannot be set up by way of amendment.* Where a cause of action distinct from that already averred in the original declaration is set up by way of amendment or of additional counts, after the time for suing thereon has expired, a plea of the Statute of Limitations will be sustained.

2. SAME—*original cause of action may be re-stated in additional counts after the statute has run.* A plea of the Statute of Limitations cannot be sustained to additional counts filed more than two years after the cause of action declared upon has accrued, where such counts merely re-state, in different form, the same cause of action averred in the original declaration filed in proper time.

3. SAME—*supplying omitted statement of cause of action by amendment is not a re-statement.* Where a declaration contains a formal commencement and conclusion, but omits to state the cause of action sued on, an amendment thereto which supplies the omission states a new cause of action, and is obnoxious to a plea of the Statute of Limitations if filed after the right to sue is barred.

*Illinois Steel Co.* v. *Eylenfeldt,* 62 Ill. App. 552, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

This was an action of trespass on the case, brought by William Eylenfeldt, against the Illinois Steel Company, to recover damages for a personal injury received while in the employ of the steel company unloading certain cars, caused, as alleged, through the negligence of the steel company.

The accident resulting in the injury occurred January 17, 1892. Suit was begun on the 27th day of March, 1892, and on the 6th day of May of the same year plaintiff filed his declaration, which was as follows: "William Eylenfeldt, plaintiff, by L. H. Craig, his attorney, complains

of the Illinois Steel Company, a corporation, defendant, of a plea of trespass on the case: For that, whereas, the defendant heretofore, to-wit, on the 20th day of February, A. D. 1892, was then and there the proprietor of, and was then and there operating, managing and controlling, by its agents and employees, a certain iron mill or foundry in the city of Chicago, in the county aforesaid, near to and in the neighborhood of the intersection of Ashland avenue and Thirty-first street, in the said city, and the plaintiff was then and there in the employ of the defendant in and about the management, control and operating of said iron mill or foundry, and was then and there placed by the defendant under the control and direction of its, the defendant's, foreman, wherefore the plaintiff says that he is damaged and injured and has sustained damages to the amount of $25,000, and therefore he brings suit," etc. On May 13, 1892, the defendant interposed a general demurrer to the declaration, and on January 31, 1895, the court granted plaintiff leave to file an amended declaration. Plaintiff amended the declaration by inserting immediately after the word "foreman," facts which would make a good declaration in an action for negligence where an employee had been injured through the negligence of the employer. To the amended declaration the defendant pleaded the general issue and also a plea of the Statute of Limitations, in which it set up that the action did not accrue within two years next before the commencement of suit by filing the amendment to the declaration. To the plea the court sustained a general demurrer. The plaintiff also filed additional counts to the declaration, which were, in substance, like the amended declaration. To these defendant pleaded the Statute of Limitations, and the court sustained a demurrer to the plea. On a trial before a jury the plaintiff recovered a judgment, which, on appeal, was reversed in the Appellate Court on the sole ground that the action was barred by the Statute of Limitations. To reverse

that judgment the plaintiff in the action has prosecuted this appeal.

BRANDT & HOFFMANN, and L. H. CRAIG, for appellant.

WILLIAMS, HOLT & WHEELER, and E. PARMALEE PRENTICE, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

As will be observed, the plaintiff was injured on the 17th of January, 1892, and suit was brought on the 29th day of the following March. What purported to be a declaration was filed, but it stated no sufficient cause of action. No declaration was filed stating a cause of action until January 31, 1895,—more than three years after the accident and more than one year after the Statute of Limitations had run; and the question presented by the record is, whether the Statute of Limitations was a bar to the action when the amended declaration was filed, on the 31st day of January, 1895.

It is a well established rule of pleading that a new cause of action, distinct from that already averred in the declaration, cannot be set up by way of amendment to the declaration or by adding additional counts to the declaration after the time for suing upon such cause of action has expired by the Statute of Limitations. But when the amendment by an additional count is introduced merely to re-state in a different form the same cause of action set up in the declaration as originally drawn, and not to present a new and different cause of action, the rule does not apply, and a plea of the Statute of Limitations to such new count cannot be sustained. (*North Chicago Rolling Mill Co.* v. *Monka,* 107 Ill. 340.) The rule indicated is fully sustained by the case cited and also by the following cases: *Illinois Central Railroad Co.* v. *Cobb,* 64 Ill. 128; *Phelps* v. *Illinois Central Railroad Co.* 94 id. 548; *Mitchell* v. *Milholland,* 106 id. 175; *Dickson* v. *Chicago, Burlington and*

*Quincy Railroad Co.* 81 id. 215; *Blanchard* v. *Lake Shore and Michigan Southern Railway Co.* 126 id. 416; *Chicago, Burlington and Quincy Railroad Co.* v. *Jones,* 149 id. 361; *Haynie* v. *Chicago and Alton Railroad Co.* 9 Ill. App. 105.

In the *Phelps case, supra,* in the discussion of this question, it was among other things said (p. 557): "The causes of action declared on in the original declaration in the present case were for a failure to perform a common law duty by a common carrier,—to receive and carry goods offered for carriage. The causes of action stated in the additional counts are for failing to carry and safely deliver goods which defendant had received for carriage as a common carrier. The former were for refusing to enter upon the performance of the duty of a common carrier; the latter were for the failure to complete the performance of the duty of a common carrier, the performance of which had been entered upon. Under the circumstances of this case and our former decisions the difference is vital, there being no liability for refusing to receive and carry, but only for not carrying after having received the freight. The receipt is a necessary element of the cause of action. The original declaration negatived such receipt; the amended one averred it. We are disposed to agree with the view taken by the Appellate Court, that there were wholly different causes of action declared on in the original and amended counts of the declaration, and that, the evidence showing that the causes of action described in the additional counts accrued more than five years before those counts were filed, they were barred by the Statute of Limitations." The other cases cited lay down the same doctrine. Indeed, the result of all the cases we have examined on the question is the same. They hold that where an amendment of the declaration is a mere re-statement of the cause of action averred in the declaration it relates back to the beginning of the action, but where it sets up a new cause of action the Statute of Limitations is a good defense, if the amend-

ment to the declaration has been made after the statute
has run.

The question then presented by the record before us
is, whether the counts filed by the plaintiff in January,
1895, after the two years provided by the statute for
bringing an action had expired, set up a new cause of
action, or whether they were a mere re-statement of the
cause of action already stated in the declaration.   Upon
an inspection of the declaration first filed by the plaintiff
it will be found that the commencement of the declara-
tion is in proper form in an action of trespass on the case,
and no fault is found with the conclusion of the declara-
tion, wherein damages are claimed; but when the body
of the declaration is examined, where the cause of action
should be set up, no cause of action whatever is averred
in the declaration.   The amended count does, however,
set up a cause of action; but, inasmuch as the original
declaration stated no cause of action, it seems to fol-
low that the amended declaration stated a new cause of
action,—one which had never been stated before,—and
hence the Statute of Limitations was a good defense.
There could be no re-statement of a cause of action by
the amended declaration unless the cause of action had
been stated before.   If the plaintiff had stated his cause
of action in a defective manner, omitting some feature
which should have been incorporated in it, then an amend-
ment re-stating the cause of action would not fall within
the statute.   But such was not this case.

The *Phelps case, supra,* from which we have quoted, is
much like the case under consideration.   There the orig-
inal declaration set up that the railroad company was
liable because it refused to receive and carry goods of-
fered for carriage.   The refusal to receive and carry was
set up as the cause of action.   In the amended counts,
filed after the statute had run, the cause of action averred
and relied upon was a failure to carry and deliver goods
which the railroad company had received for carriage as

a common carrier. It was held, as the railroad company was under the military control of the government, it was not in the free and unrestrained exercise of its franchise as a common carrier, and hence not bound to receive freight for shipment, and being under no obligation to receive goods for shipment the original declaration failed to state a cause of action; but the amended declaration, which did set up a cause of action, stated a cause of · action wholly different from the original declaration, and hence fell within the Statute of Limitations.

It is, however, suggested in the argument, that the issuing of a summons arrests the running of the Statute of Limitations, and the filing of the amended declaration related back to the commencement of the suit, and reference is made to *Schrœder* v. *Merchants and Mechanics' Ins. Co.* 104 Ill. 71. It may be conceded that the issuing of a summons in an action at law is the commencement of a suit, and ordinarily the issuing of the summons will arrest the running of the statute, and a declaration filed will relate back to the date of the summons. But that doctrine has no bearing on the facts of this case. Here the suit was commenced by the issuing of a summons before the statute had run. A declaration was filed before the statute had run, but the amended declaration, which set up the cause of action upon which issue was joined and a trial had, was not filed until the Statute of Limitations had run, and all the cases agree that if the cause of action set up by the amendment is a new one, and not a mere re-statement of the cause of action set out in the original declaration, the amended declaration will not relate back to the commencement of the suit. If the amended declaration had been the first and only declaration filed in the cause, we are not prepared to say it would not relate back to the commencement of the suit and thus prevent the running of the statute. But such was not the case. As has been seen, a declaration was filed soon after the suit was commenced. True, it did

not set out a sufficient cause of action, but it was nevertheless a declaration, and so treated and so regarded by the parties and the court where the cause was pending.

We regard the judgment of the Appellate Court correct, and it will be affirmed.     *Judgment affirmed.*