THE SECORD-HOPKINS COMPANY

*v.*

ROBERT T. LINCOLN *et al.*

*Opinion filed June 18, 1898.*

1. LIMITATIONS—*amended count stating new cause of action does not relate back to original declaration.* An amended declaration stating a new and distinct cause of action does not relate back to the time of the filing of the original declaration, so as to take the new cause of action out of the operation of the Statute of Limitations.

2. The court considers the original and amended declarations filed in this case, and holds, for reasons stated at length in the opinion, that the amended declaration stated a new cause of action, and was therefore obnoxious to the Statute of Limitations.

*Pullman* v. *Secord-Hopkins Co.* 73 Ill. App. 30, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

This is an appeal from a judgment of the Appellate Court for the First District reversing and not remanding a judgment entered in the circuit court of Cook county in favor of this appellant, against the testator of the appellee executors in his lifetime.

The original declaration was filed on the 11th day of December, 1891. The parties plaintiff therein were two individuals, John P. Hopkins and Frederick H. Secord. The declaration was in case, and the substance of the charge was, that the defendant, George M. Pullman, (since deceased,) in the year 1880 held a large and controlling interest in the capital stock of a corporation known as the Pullman Palace Car Company; that said corporation was largely interested in property in the city or town of Pullman, and owned in said town a large building called the "Arcade Building," in which were a large number of rooms furnished and finished for use as retail store rooms, intended to be rented and out of which the said corporation expected to derive a revenue from the rentals; that said rooms remained vacant and unoccupied and producing no rent until the year 1885; that in the month of October of the said last named year the defendant, with the view of making said rooms productive and profitable, induced the plaintiffs to form a corporation to be known as the "Arcade Trading Company," for the purpose of engaging in business as retail merchants in said rooms. The declaration charged many acts of fraud and deceit on the part of the said Pullman, but, as will be apparent from what is hereafter said, it is unnecessary that any of such charges be referred to, except one of them, which is stated in the declaration, as follows: "And the said defendant then and there, for the purpose of inducing the plaintiffs to form the corporation and lease the premises, as aforesaid, wrongfully and injuriously contriving and intending to deceive, defraud and injure said plaintiffs in this behalf, then and there falsely, fraudulently and deceitfully represented and assured to the said plaintiffs

that if they, the said plaintiffs, would form the corporation aforesaid and engage in business at the place aforesaid, the defendant, personally, would see to it that said plaintiffs should have as many stores in said building as they, the plaintiffs, desired, and for as long a time as they, the said plaintiffs, desired, at a rental of $100 per month for each and every store so occupied by them."

The declaration then alleged that the plaintiffs caused a corporation, known as the "Arcade Trading Company," to be formed, and that said company, on or about the month of October, 1885, purchased a large stock of goods and rented certain of the said rooms in the said Arcade building, and occupied the same as a place of business for the sale of the said goods and the transaction of the business of retail merchants; that said Arcade Trading Company established and conducted a large and prosperous business in such rooms, and that such business and the good will thereto pertaining became of great value, to-wit, of the value of $10,000; that afterwards the said defendant, in July, 1887, and until December, 1889, utterly disregarded his representations and agreements, and "wrongfully and injuriously tried in every way possible to compel the said plaintiffs to give up the said stores so occupied by them in the said Arcade building and move away therefrom, in order that the said stores, which had become of great rental value by reason of the plaintiffs having conducted a successful business therein, might revert back to said defendant and said Pullman Palace Car Company, together with the good will and trade therein established;" that during said period, to-wit, from July, 1887, to December, 1889, plaintiffs were required to pay, and did pay, as and for the rent of the said rooms so occupied by them, a sum largely in excess of the said sum of $100 per month for each of said rooms; that defendant, further "wrongfully and injuriously contriving and conspiring in the premises to compel the said plaintiffs to quit and render up possession of said stores, procured the

said Pullman Palace Car Company to notify said plaintiffs and the said Arcade Trading Company that it had terminated the lease aforesaid, and otherwise force said plaintiffs to give up said stores and leave said Pullman, which in, to-wit, December, 1889, the said plaintiffs were forced to do, by means whereof all the said several sums of money expended by the said plaintiffs in forming the said Arcade Trading Company, in building up its business and good will, in payments of the said Pullman Palace Car Company of the excess of rent as aforesaid, of the large sums of money laid out and expended by the plaintiffs in removing their said large stock of goods to where the same now is, and which is now, because of the change of location, greatly depreciated in value, to the extent, to-wit, of $10,000, all of which has become wholly lost to the said plaintiffs."

On the 22d day of December, 1891, the defendant to said declaration filed a plea of not guilty. No further steps were taken in the cause until the 25th day of January, 1896, when leave was granted to amend the declaration. Under this leave a declaration was filed substituting the appellant company as plaintiff instead of the said John P. Hopkins and Frederick H. Secord, and changing the form of the action to that of assumpsit. The allegations of the amended declaration justifying the introduction of the Secord-Hopkins Company as plaintiff need not be adverted to in the view we have taken of the case.

The amended declaration alleged that the plaintiff corporation, prior to the first day of January, 1887, was in possession of four store rooms in the Arcade building under contracts or leases with the Pullman Palace Car Company which required it to pay certain designated amounts per month as rent therefor, under a verbal agreement made between the plaintiff and defendant (Pullman) that the plaintiff should only pay to the Pullman Palace Car Company the sum of $100 per month for

each room, the same being a much less sum than it was required to pay under the terms of said contract with said company for the leasing of said rooms, and that defendant would procure the liability of the plaintiff company under the said leases to be fully satisfied by the payment by it of the sum of $100 per month for each of said rooms; that under said agreement with the said defendant the plaintiff continued to occupy said rooms until the first day of June, 1887; that on the first day of July, 1887, and while the plaintiff was so in the occupancy of the said store rooms, it was agreed between the plaintiff and the defendant that if it, the plaintiff, would pay to the Pullman Palace Car Company the sum of $750, and also pay to the Pullman Palace Car Company, monthly, from the first day of June, 1887, rent for said four stores, so long as it might continue to occupy the same, at and according to the said monthly rates fixed, respectively, for said four stores by the said contract of leasing, he, the said defendant, would pay to the said plaintiff the said sum of $750, and would also pay to the plaintiff the difference between the amount of the said monthly rent of the said four stores at the said contract rates and the amount of such monthly rent of said four stores at the rate of $100 per month for each of said stores so long as plaintiff might continue to occupy the same, and pay the monthly rent, as aforesaid, according to said list and schedule rates; that it, the plaintiff, then and there, and in pursuance of said agreement with defendant, paid and caused to be paid to the said Pullman Palace Car Company the said sum of $750, and occupied said four stores from the first day of June, 1887, continuously down to and including the month of November, 1889, and during all that time paid to the said Pullman Palace Car Company, monthly, rent for said four stores at the said list and schedule rates per month in all things as by said agreement between defendant and plaintiff was provided and agreed; that the difference between

the amount of rent monthly of said four stores as shown by said list and schedule, and the amount of rent therefor at the rate of $100 per month for each of said stores, was and is the sum of $150, whereby and by means of the premises the defendant then and there became and was liable to pay to the plaintiff the sum of $150 for each and every month for which plaintiff occupied said stores and paid monthly rent, as aforesaid, at said list and schedule rate, together with said sum of $750, and being so liable the defendant promised the plaintiff to pay it the said sums of money when thereunto requested.

A demurrer to the amended declaration was overruled and the defendant interposed a number of pleas, among them a plea of the bar of the Statute of Limitations and a plea invoking the benefit of the Statute of Frauds. A trial before a jury resulted in a verdict and judgment against the said George M. Pullman, deceased. This judgment was reversed and not remanded by the Appellate Court on appeal, and that court incorporated in its judgment the following finding of facts: "The court finds that the promises and undertakings of George M. Pullman, appellant, as set forth in the amended declaration, in which the Secord-Hopkins Company is named as plaintiff, were made in June or July, 1887, more than five years prior to the filing of said amended declaration." The plaintiff corporation has brought the case to this court by further appeal.

ASAY & CLARE, and JAMES W. DUNCAN, for appellant.

RUNNELLS & BURRY, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The amended declaration counted upon an alleged promise and agreement of appellees' testator, alleged to have been made and entered into in the month of July, 1887. The Appellate Court found and recited in its judg-

ment that the promise and undertaking of the said deceased defendant relied upon were made and entered into, as disclosed by the evidence, in the month of June or July, 1887. The amended declaration was filed on the 27th day of January, 1896,—more than eight years after the making of the alleged verbal agreement,—therefore the bar of the Statute of Limitations had, in point of time, become complete when the amended declaration was filed, and unless the amendment was but a restatement of the same cause of action set out in the original declaration, the statute operated to defeat any recovery in the cause. *Chicago, Burlington and Quincy Railroad Co.* v. *Jones*, 149 Ill. 361.

We think the cause of action declared by the amended declaration not the same as that attempted to be averred in the original declaration. The original declaration charged that the said Pullman, in order to induce the said Hopkins and Secord to form a corporation and engage in business as retail dealers in the store rooms in the Arcade building, assured the plaintiffs that "he, Pullman, would see to it that plaintiffs should have as many stores in the building, and for as long a time as they desired, at a rental of $100 per month for each of said stores;" that he induced them to execute a lease binding them to pay a larger sum per month in reliance upon his promises that "he would see to it" that only $100 per month for each of said rooms should be paid; that the plaintiffs relied upon these promises, raised a large sum of money and invested it in goods, rented the store rooms, placed the goods therein and engaged in business as retail merchants in said rooms in the year 1885 and built up a large and profitable business; that "in July, 1887, and until December, 1889, the said Pullman wrongfully and injuriously tried in every way possible to compel the plaintiffs to give up possession of the stores so occupied by them in the said Arcade building and move away therefrom, in order that the said stores, which had been

rendered of great value, to-wit, of the value of $10,000, by reason of the plaintiffs having conducted a successful business therein, might revert back to the said defendant (Pullman) and the said Pullman Palace Car Company, together with the good will and trade therein established;" that said Pullman refused to see that said plaintiffs were not required to pay more than $100 per month as rental for each of said rooms, but procured the said Pullman Palace Car Company to notify the said plaintiffs that it had terminated the said lease for said store rooms and to otherwise force the plaintiffs to give up the said stores and leave the said town of Pullman, and that the plaintiffs were forced to and did leave the said town of Pullman. The declaration alleged the plaintiffs were greatly damaged by being required to so close up and abandon their business in Pullman, "which," to quote from the declaration, "said plaintiffs were forced to do, by means whereof all the said several sums of money expended by the said plaintiffs in forming the said Arcade Trading Company, in building up its business and good will, in payments of said Pullman Palace Car Company of the excess of rent, as aforesaid, of the large sums of money laid out and expended by the plaintiffs in removing their said large stock of goods to where the same now is, and which is now, because of the change of location, greatly depreciated in value, to the extent, to-wit, of $10,000, all of which has become wholly lost to the said plaintiffs."

The cause of action set forth in the original declaration was the alleged wrongful acts and contrivings of the said Pullman, by which it was alleged the plaintiffs were compelled to abandon the further prosecution of their business in the said rooms in the town or city of Pullman, and the alleged over-payment of rents was referred to only as an element of the damage resulting from their expulsion from the stores and from the city. The declaration, as amended, relies wholly upon a contract alleged to have been wholly made between the plaintiff corpo-

ration and the said Pullman, whereby the said Pullman, on the first day of July, 1887, agreed that if the plaintiff would pay to the Pullman Palace Car Company the sum of $750,—the amount paid by the plaintiff to the Pullman Palace Car Company for the rent of the rooms so occupied by it from the first day of January, 1887, to the first day of July, 1887, in excess of the sum of $100 per month for each room,—and would each month thereafter pay to the Pullman Palace Car Company the full contract rental price for each of said rooms, he, the said Pullman, would re-pay to the plaintiff all amounts so thereafter paid for the monthly rental of each of said store rooms in excess of said $100 for each of them.

It is manifest the cause of action set out in the amended declaration is not a mere re-statement of that averred in the original declaration, but is another and different cause of action. Before the amended declaration was filed the right to institute an action upon the alleged agreement had been barred by the Statute of Limitations. A new suit could not have been then maintained upon the said alleged agreement. It is well established that if a new cause of action, distinct from that already averred in the declaration, is introduced by way of amendment to the declaration, the amended pleading does not relate back to the original declaration and thereby take it out of the operation of the Statute of Limitations, but that the date of the filing of the amendment is the beginning of the action on the new cause of recovery, and the Statute of Limitations may be invoked to defeat recovery under the amended pleading. *North Chicago Rolling Mill Co.* v. *Monka*, 107 Ill. 340; *Chicago, Burlington and Quincy Railroad Co.* v. *Jones*, 149 id. 361; *Eylenfeldt* v. *Illinois Steel Co.* 165 id. 185.

The judgment of the Appellate Court is correct and is affirmed.                                *Judgment affirmed.*