## George A. Gibbs v. Chicago Title & Trust Co. et al.

1. PRACTICE—*Identity of the Cause of Action Must be Established by the Record.*—A party bringing a second suit after he was non-suited on the first, when the bar of the statute is complete, is not to be permitted to establish the identity of the cause of action in the two suits by proof outside of the record.

2. SAME—*Right to Plead the Bar of the Statute is a Vested Right.*— The right to set up the bar of the statute of limitations as a defense to a cause of action, after the statute has run, is a vested right and can not be taken away by legislation.

3. SAME—*Effect of an Unexecuted Intention to File a Declaration.*— The mere unexecuted intention on the part of the plaintiff to file a declaration in a case which has been dismissed, setting up the same cause of action as that stated in the declaration filed in the second case, can not deprive the defendant of the constitutional right to interpose the statute of limitations.

4. SAME—*Pleading the Statute to Amendments to the Declaration.*— Where an amendment to the declaration is a mere re-statement of the cause of action averred in the declaration, it relates back to the beginning of the action; but where it sets up a new cause of action, the statute of limitations is a good defense if the amendment to the declaration has been made after the statute has run.

5. SAME—*Intention of a Party to be Determined by His Pleading.*— The intention of a party who files an unambiguous pleading or makes an unambiguous record, must be determined by the pleading or the record itself. It is a question of law for the court and can not be changed by pleading into a question of fact to be determined by a jury.

6. SAME—*Intention of a Party Not a Question of Fact.*—What the

intention of a party was as to what pleadings should be filed later can not be made an issue in a case like this, to be determined as a question of fact upon parol proof.

7. Construction of Statutes—*Non-Suited Plaintiff.*—The statute (Sec. 25, Ch. 83, R. S.) which provides that a non-suited plaintiff may commence a new action within a year, etc., means that such a plaintiff may commence a new suit for the same cause of action within one year. But the mode of ascertaining whether the second suit is for the same cause of action is not fixed by the statute, nor are the rules for determining that question changed or affected thereby.

**Trespass on the Case,** for personal injuries. Trial in the Superior Court of Cook County; the Hon. Jonas Hutchinson, Judge, presiding. Judgment for defendant on demurrer to replication. Appeal by plaintiff. Heard in the Branch Appellate Court at the March term, 1898. Affirmed. Opinion filed November 18, 1898.

## Statement.

The question presented to the court on this appeal for its decision is whether or not the pleas of the statute of limitation were a bar to the plaintiff's cause of action.

The accident out of which the cause of action arose, happened on May 27, 1892. On the 24th day of March, 1894, the plaintiff began a suit upon this cause of action. A praecipe was filed and summons was served. At the September term of the court that suit was dismissed on the motion of the defendants because of the failure of the plaintiff to file his declaration by the second term of the court. On February 20, 1895, the present suit was begun against the same defendants and the declaration was filed therein March 22, 1895. The defendants filed to this declaration pleas of the statute of limitation. On the face of the record to this point it will be seen that such pleas presented a good defense, since the accident happened May 27, 1892, and this suit was begun February 20, 1895. But to these two pleas the plaintiff filed several replications setting up that the original cause of action arose on May 27, 1892; that February 24, 1894, the plaintiff began suit thereon in the Superior Court, and that a summons was issued and served March 27, 1894; that said first suit was dismissed by the court on the defendant's motion at the

plaintiff's costs and against the will of the plaintiff, and that the plaintiff was thereupon non-suited; and that the said non-suit was not a voluntary dismissal of said suit; that the present suit was begun in the Superior Court of Cook County, February 20, 1895, within a year after the judgment of non-suit so entered in the previous suit; and that the present suit was brought upon the same causes of action upon which said previous suit was begun.

The defendants filed general demurrers to these replications and the court sustained the demurrers and entered judgment for the defendants, holding that the plaintiff's action was barred by the statute of limitations.

FRANK O. LOWDEN, attorney for appellant.

W. J. HYNES, attorney for Chicago Title and Trust Co., appellee.

HAWLEY & PROUTY, attorneys for Crane Elevator Company, appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

Two questions are presented by this record, viz.:

1st. Has the appellant, whose suit was dismissed on motion of the appellees for failure to file a declaration by the second term of court, been " non-suited " within the meaning of Sec. 25, Ch. 83, Rev. Stat. of Ill.?

2d. Should the appellant be permitted to establish the identity of the cause of action in the two suits by proof from without and in addition to the record ?

We shall first consider the second question. The section of the statute referred to is as follows :

" In any of the actions specified in any of the sections of said act, if judgment shall be given for the plaintiff, and the same be reversed by writ of error, or upon appeal; or if a verdict pass for the plaintiff, and upon matter alleged in arrest of judgment, the judgment be given against the plaintiff; or, if the plaintiff be non-suited, then if the time limited for bringing such action shall have expired during the pendency of such suit, the said plaintiff, his or her heirs, executors, or administrators, as the case shall require, may

commence a new action within one year after such judgment reversed or given against the plaintiff, and not after."

In practice in this State the only documents or records which precede the declaration are a praecipe and a summons. The only object of a summons is to bring the defendant into court. Wasson v. Cone, 86 Ill. 47.

No cause of action is therein stated as was at one time done in the common law writ. Neither the praecipe nor the summons states a cause of action. The record in the case at bar shows this to be so. The praecipe directs that a summons issue, " in a plea of trespass on the case," and the summons is in the same language. There is nothing whatever in such a record from which the cause of action can be ascertained. The form of the action only is fixed.

In the second case a declaration was filed stating a cause of action. As there was no cause of action stated in the first case, no identity of causes of action could be established by the records of the two cases. It follows that no such identity could be shown or established otherwise than by testimony *dehors* the record. In the very nature of things, the only testimony which could be given for the purpose indicated would be that of plaintiff's intention or the intention of his attorney. So far as any restriction in a praecipe and summons is involved, the plaintiff might have filed a declaration in the first case for an entirely different cause of action from that stated in the declaration filed in the second case. Whatever cause of action the plaintiff may have intended to plead in the first case, it is nevertheless a fact that such intention was never executed.

In Fish v. Farwell, 160 Ill. 236, 252, it is held that " a mere unexecuted intention on the part of a plaintiff can not be permitted to deprive a citizen of a vested property and constitutional right."

In Board of Education v. Blodgett, 155 Ill. 441, 447, the rule is stated to be " that the right to set up the bar of a statute of limitations as a defense to a cause of action, after the statute has run, is a vested right, and can not be taken away by legislation,  *  *  *  and that it is imma-

terial whether the action is for the recovery of real or personal property, or for the recovery of a money demand, or for the recovery of damages for a tort," citing a large number of cases.

It follows that the "mere unexecuted intention on the part of the plaintiff" to file a declaration in the first case, setting up the same cause of action as that stated in the declaration filed in the second case, can not deprive the defendant of the "vested property and constitutional right" to interpose the statute of limitations.

The case of Eylenfeldt v. Illinois Steel Co., 165 Ill. 185, affirming 62 Ill. App. 552, is in point. In that case plaintiff commenced suit, and had summons served within the limitation period, and filed what was called a declaration. An amended declaration was filed after the statute of limitations had run. To that amended declaration the defendant interposed the statute of limitations. The so-called declaration first filed did not state a cause of action. The Supreme Court, in sustaining the plea setting up the statute of limitation, stated the rule to be that " where an amendment of the declaration is a mere re-statement of the cause of action averred in the declaration, it relates back to the beginning of the action; but where it sets up a new cause of action, the statute of limitations is a good defense, if the amendment to the declaration has been made after the statute has run."

It is also there stated that "inasmuch as the original declaration stated no cause of action, it seems to follow that the amended declaration stated a new cause of action —one which had never been stated before—and hence the statute of limitations was a good defense."

In the case at bar the declaration filed in the second case stated a cause of action "which had never been stated before." It can hardly be contended that a plaintiff who filed no declaration should be in any better position than a plaintiff who sought to file one, but failed in so doing to disclose a cause of action. The learned judge in the Superior Court in deciding this case stated the correct con-

clusion very clearly. He said, " Should the plaintiff here be in a better position than was the plaintiff in Eylenfeldt v. Illinois Steel Co., 165 Ill. 185 ? He had tried to comply with the law, and did file a paper which was treated as a declaration. It was, of course, a mistake that it did not disclose a cause of action, and he tried, after the statute had run, to correct the omission by an amendment. He was not allowed to show what plaintiff wants to show here, nor was the plaintiff allowed to in the case of Fish v. Farwell, *supra*.

" Now, in each of those cases, declarations were filed and the plaintiffs were bound by them after the statute had run, and the amendments did not avail. That doctrine is harsher than the rule invoked here. Those suits were pending, and the plaintiffs had filed declarations, but they were not allowed to say, after the statute had run, that their first declarations were for the same causes of action as set up in the amendments.

If parties are in such instances bound by what they first do, why should not the plaintiff here be so treated ? If he never took the trouble to file a declaration, then shall he be rewarded by a new suit ? "

The statute above quoted, which provides that a nonsuited plaintiff " may commence a new action within one year," etc., means that such a plaintiff may commence a new suit for the same cause of action within one year. But the mode of ascertaining whether the second suit is for the same cause of action is not fixed by the statute, nor are the rules for determining that question changed or affected thereby.

It appears from the replications to which the demurrer was sustained, that there is nothing ambiguous in the record in the first case. There is, therefore, nothing in it to be explained. The intention of the party who has filed an unambiguous pleading or made an unambiguous record, must be determined by the pleading, or the record itself. It is a question of law for the court. It can not be changed by pleadings into a question of fact to be determined by a

jury upon testimony from without the pleading or record. What the intention of the party was as to what pleadings should be filed later, can not be made an issue in a case like this, to be determined as a question of fact upon parol proof.

It appears from what we have said, that it is immaterial in this case whether dismissing the first suit in the manner stated in the replications is, or is not, such a non-suit as is contemplated by the statute. We therefore express no opinion as to that.

The judgment of the Superior Court is affirmed.