## Chicago City Ry. Co. v. Frederick H. Hackendahl, Adm'r, etc.

1. LIMITATIONS—*Amendments to Declarations.*—Where an additional count filed as an amendment to a declaration restates the same cause of action set out in the original declaration, it is not amenable to a plea of the statute of limitations.

2. PLEADING—*What is Not Stating a New Cause of Action in an Amended Count.*—Where a declaration by a father as administrator in an action to recover damages occasioned by the death of his son, alleged that the deceased "left next of kin, namely his father," that the action was brought under this statute for the father's benefit, and the amended count averred that the deceased "left surviving him other next of kin beside his father," it was held not to state a new cause of action, but merely to enlarge the number of the beneficiaries.

Action in Case.—Death from negligence. Appeal from the Circuit Court of Cook County; the Hon. GEORGE W. BROWN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Mr. Justice HORTON dissenting. Opinion filed March 13, 1900.

Statement.—This is an action by appellee as administrator of his son Robert J. Hackendahl, to recover damages occasioned by the death of the latter, alleged to have been caused by the negligence of the servants of appellant.

The accident which resulted in the death of appellee's son, a boy eight years of age, occurred February 28, 1895. The declaration as originally filed, contains the averment that the plaintiff " as the father and next of kin of Robert J.

Hackendahl, and as administrator of the effects and chattels of the said Robert J. Hackendahl, by means of the premises, was forced to pay out and become liable," etc.; and "that as the father and next of kin," he has sustained loss and damage. It is averred that an action has accrued to him in accordance with the statute as administrator "for the exclusive benefit of the plaintiff and the heirs of said Robert."

October 7, 1898, more than two years after the accident and the commencement of the suit, the plaintiff filed an amended declaration in which it was alleged "that said Robert J. Hackendahl left surviving him" father, mother, brothers and sisters, "his next of kin," and that by the death of Robert "his father and mother have been deprived of their means of support, and the living sisters and brothers of their means of support and education, to the damage of plaintiff as administrator," etc. To this amended declaration appellant pleaded the general issue, and filed a special plea of the statute of limitations. A demurrer to the special plea was sustained and appellant elected to stand by its said plea. The jury returned a verdict against appellant, whose motion for a new trial was overruled, and from the judgment rendered this appeal is taken.

WM. J. HYNES and WATSON J. FERRY, attorneys for appellant; MASON B. STARRING, of counsel.

JOHN F. WATERS and CHARLES H. PEGLER, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellant contends that the court erred in sustaining appellee's demurrer to the plea of the statute of limitations.

Section 2 of the act (Rev. Stat. Chap. 70), under the provisions of which the suit is brought, provides:

"That every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered shall be for the exclusive benefit of the widow and next of kin of such deceased per-

son, and shall be distributed to such widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate."

It is further provided that the jury may give damages with reference to the pecuniary injuries resulting from such death "to the wife and next of kin," not exceeding $5,000.

Appellant's counsel urge that the original declaration contained no sufficient allegation that the deceased left surviving him any "widow or next of kin." The language of the declaration is, "and plaintiff avers that *as* the father and next of kin," he has suffered damage. This is not, it is said, an allegation that the father *is* the next of kin, but merely a recital; not a positive averment of the essential fact, but only descriptive.

The word "as" in this connection has the force and meaning of *inasmuch as* or *because* (Century dictionary); so that the averment is in effect as if it read, that the plaintiff avers that *inasmuch as, or because he is* the father and next of kin, a right of action has accrued in accordance with the statute, "for the exclusive benefit of the plaintiff and the heirs" of the deceased. That the right of action is not accurately stated, may be conceded. The inaccuracy seems to have been recognized by counsel for appellee, for the declaration was subsequently amended. The amendment was not made, however, until more than two years after the cause of action accrued. If it be true as appellant claims, that the original declaration failed to state a cause of action, and that the amended declaration stated a cause of action for the first time, the plea of the statute of limitations set up a good defense. (Eylenfeldt v. Illinois Steel Co., 165 Ill. 185; Ill. Cen. R. R. Co. v. Campbell, 170 Ill. 163; Secord-Hopkins Co. v. Lincoln, 173 Ill. 357.) We are of opinion, however, that the original declaration did state a good cause of action. It apprised the appellant that the deceased left next of kin, namely his father, and that the action was brought under the statute for the father's benefit. The amendment, while it avers that the deceased

left surviving him other next of kin beside his father, does not set up any new or different cause of action. It restates the cause of action set out in the original declaration. It enlarges the number of the beneficiaries, it is true, but the basis of the action is still the same. We find no error in sustaining the demurrer to the plea which set up the statute of limitations in bar to the action.

It is urged that the verdict is against the evidence. The contention is that the deceased failed to exercise ordinary care for his own safety, and that appellant was not negligent. The jury returned a special finding that the deceased, by the exercise of ordinary care for his own safety, could not have avoided the injury which caused his death. By their verdict they found the injury resulted from the negligence of the defendant. Under the facts as so found, appellee was entitled to recover. L. S. & M. S. Ry. Co. v. Hessions, 150 Ill. 546 (556). We have examined the evidence with care. It is conflicting, as is frequently the case in actions of this character. We are not able to say with any firm conviction that the accident was occasioned by the negligence of the boy, or that there was a want of negligence on the part of appellant's servants. A number of factors enter into the consideration of the problem: the speed of the car, what, if any, warning was given of its approach, and others which we need not enumerate. It is peculiarly a case where the court and jury who heard and saw the witnesses were in a better position to ascertain the truth than this court can possibly be. We find no sufficient warrant to justify our interference with the verdict. See Ill. Cent. R. R. Co. v. Nowicki, 148 Ill. 29.

Our attention is called to remarks and statements of counsel for appellee, some of which were undignified and improper. It would doubtless have been wiser for appellee's attorney to repress his sometimes indiscreet exuberance, but the only question for this court is whether the conduct complained of has been prejudicial to the interests of justice. We should have been better satisfied had the trial court peremptorily stopped this "horse play," as it was called, at the time; and if we could find just reason to

believe that appellant had been thereby prejudiced, we should not hesitate to award a new trial on that ground. But we do not so find in the present case.

Other objections are made which we have considered, but finding no material error, the judgment of the Circuit Court must be affirmed.

Mr. Presiding Justice Horton.

I can not concur in that portion of the foregoing opinion which holds that there was no error in sustaining the demurrer to the plea of statute of limitations.    That statute limits the damages which may be recovered to " pecuniary injuries resulting from such death to the wife or next of kin of such deceased person."

The original declaration charged, in effect, that by reason of negligence appellant became liable to pay the pecuniary injuries suffered by the father from the death of the son. By the amendment to the declaration it is charged, in effect, that by reason of negligence, appellant became liable to pay, in addition to those suffered by the father, the pecuniary injuries suffered by the mother, brothers and sisters from the death complained of.

In other words, the original declaration stated a cause of action for the pecuniary injuries resulting to the father; the amended declaration stated a cause of action for the pecuniary injuries resulting to the mother and the brothers and sisters.

That is stating additional causes of action, which is, in effect, stating a new cause of action.    The demurrer to the plea should have been sustained.