## John H. Jones v. Frank Klawiter.

1. PLEADING — *Declaration Stating No Cause of Action Against Defendant.*—Where a pleader undertakes to show how and in what way the defendants " did not exercise reasonable care for plaintiff's safety," and to this end avers a negligent act committed by one of the defendants, such declaration states no cause of action against the other defendant.

2. SAME—*Declaration Omitting to Allege a Right of Action Not Cured by Verdict.*—If a declaration omits to allege any substantial fact which is essential to a right of action and which is not implied in or inferable from the findings of those which are alleged, it is defective, and will not be cured by verdict.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed. Opinion filed October 9, 1903.

HENRY B. BALE and COX, HELDMAN & SHORTLE, attorneys for appellant.

DOUTHART & BRENDECKE, attorneys for appellee.

MR. JUSTICE STEIN delivered the opinion of the court.

This was an action of trespass on the case to recover damages for injury sustained by appellee on the 13th day of November, 1895, while working on the premises of the Illinois Steel Company at South Chicago. Appellee was injured by being struck by the falling of a horse or scaffolding, which he and five or six of his fellow-servants were at the time of the accident attempting to move out of their way. Trial before a jury resulted in a verdict and judgment against appellant for $4,500, from which appellant prosecutes this appeal.

The suit was originally brought March 25, 1896, against appellant and the Illinois Steel Company. (At the trial plaintiff dismissed as to the latter.) The summons was served on the company March 28, 1896 and returned "not found" as to appellant.

Something more than four years elapsed after the accident before there was service of summons upon appellant. He appeared May 8, 1900, and demurred to the declaration filed May 19, 1896. While the demurrer was pending, appellee filed two additional counts, to which appellant at first demurred generally. Later on he demurred both generally and specially and on February 15, 1902, the demurrer to the original declaration and the last demurrer to the additional counts were sustained. Appellee then filed an amended declaration consisting of two counts, to which appellant filed four pleas. The first was the general issue, and on it issue was joined and the case tried. The other three pleaded the statute of limitations and averred that the causes of action set forth in the amended declaration did not accrue within two years, etc. A demurrer to each of these pleas was sustained, and appellant claims this was error, his contention being that the original declaration disclosed no cause of action whatever as against appellant. If this contention be sound the cause of action in respect of which the trial took place was barred, and the demurrer to the pleas of the statute should have been overruled. Eylenfeldt v. Illinois Steel Co., 165 Ill. 185.

In the original declaration it was averred that the accident occurred November 13, 1895; that appellee was in the employ of the defendants, appellant and the Illinois Steel Company, in a yard adjacent to a rolling mill owned, controlled and operated by the Steel Company; that plaintiff was a common laborer, and while so employed was under the orders and subject to the directions of a certain foreman of the Steel Company whose directions plaintiff was obliged and required to obey; that it was the duty of the defendants to see to it that nothing should be done which

Jones v. Klawiter.

would unnecessarily expose plaintiff to danger; that the defendants disregarded their duty in this behalf and did not exercise reasonable care for plaintiff's safety, " inasmuch as it, the said defendant Illinois Steel Company, by its said foreman * * * then negligently ordered plaintiff to help and assist in raising and removing a certain scaffolding, for which purpose an insufficient number of men had been provided;" whereby, while plaintiff was exercising due care, in pursuance of the orders of said foreman said scaffolding slipped and fell against plaintiff, etc.

Summarizing what is material in the above for the purpose in hand, it appears that at the time of the accident appellee was in the employ of appellant and a third party (the dismissed defendant) in a mill owned, controlled and operated by the third party; that he was subject to the orders and directions of the third party; that it was the duty of both appellant and the third party to see to it that appellee should not be unnecessarily exposed to danger, and that the third party violated this duty in negligently ordering appellee to assist in raising a scaffolding with an insufficient number of men.

In making the summary we have omitted the allegation that " the defendants disregarded their duty in this behalf and did not exercise reasonable care for plaintiff's safety," because its general language is restrained and qualified by what follows immediately afterward, to-wit, " inasmuch as it, said defendant Illinois Steel Company, by its said foreman, then negligently ordered plaintiff to help," etc.   The pleader undertakes to show how and in what way the defendants "did not exercise reasonable care for plaintiff's safety," and in his opinion it is sufficient to show this by averring a negligent act committed by one of the defendants.   The words " inasmuch as " stand for the phrase more frequently used " in this, that," but they serve the same purpose and have the same meaning.   It is just as if the pleader had said, " the defendants did not exercise reasonable care in this, to wit, that said Steel Company negligently ordered plaintiff," etc.

The declaration charged no negligence, and showed no cause of action against appellant, and was so defective as to him that it could neither sustain a judgment nor be cured by verdict. Eylenfeldt v. Steel Co., *supra;* Foster v. St. Luke's Hospital, 191 Ill. 94; Schueler v. Mueller, 193 Ill. 402.

It was error to sustain the demurrers to the pleas of the statute of limitations. They presented a complete defense to the amended declaration. The judgment will therefore be reversed, and the cause not remanded.