## Fannie Klugman, Appellee, v. Sanitary Laundry Company, Appellant.

### Gen. No. 13,989.

1. AMENDMENTS AND JEOFAILS—*when amended declaration relates back to the beginning of the suit; when not.* The original declaration, by fiction of law, relates back to the beginning of the suit; the amended declaration, if it presents a re-statement of the cause of action set out in the original declaration, also relates back to the beginning of the suit; if the cause of action set out in the amended declaration is a new cause of action and not a mere re-statement of the cause of action set out in the original declaration, the amended declaration does not relate back to the beginning of the suit so as to stop the running of the Statute of Limitations, but is the equivalent of a new suit on such cause of action and the statute continues to run until the amended declaration is filed.

2. PLEADING—*how allegation of wrong may be charged against defendant.* To state a cause of action against a defendant for a wrong alleged to have been committed by his servant, the ultimate fact necessary to be pleaded is that the wrongful act was committed by such defendant. This may be alleged either by charging that the defendant, by his servant, committed the act, or without noticing the servant, by charging that the defendant committed the act.

3. PLEADING—*when declaration does not charge assault of servant as that of defendant.* A declaration alleging assault does not charge a defendant with responsibility therefor where the commission of such assault is charged to have been made by the servant of the defendant, unless the declaration contains apt allegations setting forth that at the time of such assault such servant was acting for the defendant in the prosecution of his (the defendant's) business and within the scope of his employment.

4. STATUTE OF LIMITATIONS—*when amended declaration sets up*

*new cause of action.* An amended declaration sets up a new cause of action if the original declaration for which it is filed as a substitute stated no cause of action.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed with finding of facts. Opinion filed June 2, 1908.

FULTON H. SEARS, for appellant; CLARK VARNUM, of counsel.

MARK J. SULLIVAN, for appellee; JOHN F. MAHON, of counsel.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant from a judgment for $2,000, recovered by the plaintiff in an action on the case to recover damages alleged to have been sustained by her as the result of injuries inflicted on her person by a servant or agent of the defendant.

The only question which we deem it necessary to consider is, whether under the pleadings and evidence the two years' Statute of Limitations is a bar to the action.

Defendant had a laundry, and one McRea collected from patrons of the laundry articles, took them to the laundry and returned them to their owners. July 15, 1903, an altercation occurred between McRea and plaintiff, at which time the injuries complained of were sustained by her. The suit was begun June 20 and the original declaration was filed June 23, 1905. To this declaration a general demurrer was filed, which was sustained and plaintiff given leave to file an amended declaration. November 20, 1905, more than two years after the alleged cause of action accrued, an amended declaration was filed. To the amended declaration the defendant pleaded that the causes of action, etc., did not accrue to the plaintiff within two years next before the commencement of the suit, and also pleaded not guilty. To the special plea the plaintiff replied, traversing the allegations of the plea.

The original declaration, by fiction of law, relates back to the beginning of the suit. The amended declaration, if it presents a restatement of a cause of action, set out in the original declaration, also relates back to the beginning of the suit. If the cause of action set out in the amended declaration is a new cause of action, and not a mere restatement of the cause of action set out in the original declaration, the amended declaration does not relate back to the beginning of the suit so as to stop the running of the Statute of Limitations, but is the equivalent of a new suit on such cause of action, and the statute continues to run until the amended declaration is filed. Eylenfeldt v. Ill. Steel Co., 165 Ill. 185.

Upon the trial of the issue made by the special plea and the traverse thereof, two questions were presented: the question when the suit was begun as to the cause of action set out in the amended declaration, which was a question of law for the court, and the question when the cause of action accrued, which was a question of fact for the jury. It is not controverted that the cause of action accrued July 15, 1903.

The action is barred in two years. The amended declaration was filed more than two years after the cause of action accrued. If therefore the original declaration failed to state a cause of action against the defendant, the Statute of Limitations is an unanswerable bar to the cause of action set up in the amended declaration. Eylenfeldt v. Ill. Steel Co., *supra*.

To state a cause of action against the defendant for a wrong committed by his servant, the ultimate fact necessary to be alleged is, that the wrongful act was committed by the defendant. This may be alleged either by alleging that the defendant by his servant committed the act, or without noticing the servant, by alleging that the defendant committed the act. 2 Chitty Plead., 708, Note n.

A declaration that fails to allege in terms that the wrongful act was committed by the defendant, must al-

lege facts from which the conclusion arises that the wrongful act of the servant of the defendant, set out in the declaration, was an act within the scope of the servant's employment, and done in the prosecution of the business of the defendant. The original declaration alleged that defendant operated a laundry and employed in said business a certain servant who called at the houses of customers to take and return articles of clothing; that July 15, 1903, the defendant, "through its said servant, called upon and was upon the premises of plaintiff for the purpose of delivering a certain package of clothing that had been laundered by defendant for a certain reward to be paid by plaintiff to defendant, and when the plaintiff was in the act of quietly, gently and peacefully receiving said package the defendant's servant aforesaid suddenly, wrongfully and wilfully and without just cause accused plaintiff of attempting to defraud defendant. And said servant used vile and opprobrious language toward plaintiff, cursed and abused her in loud tones and grasped plaintiff by the shoulder, throwing plaintiff down to and upon the floor there, and struck her divers severe blows upon the face and body," by means whereof the plaintiff was greatly injured, etc.

This is not an allegation that the assault was committed by the servant of the defendant while acting for the defendant in the prosecution of its business and within the scope of his employment. It is entirely consistent with the allegation of the declaration that the servant beat the plaintiff because he had a quarrel with her, and that he was not doing nor attempting to do any act in the prosecution of the business of the defendant, in the line of his employment, when he made the assault.

The act of an employe of a laundryman in beating a patron of his employer, is not an act so far incidental to his employment that the conclusion may be drawn that such beating was an act within the scope of the employment of such employe, and done in the prosecu-

tion of the business of his employer. The test of a master's liability is not whether a given act was done during the existence of the servant's employment, but whether it was done in the prosecution of the master's business.

In McCann v. Tillinghast et al., 140 Mass. 327, it was said: "A declaration alleged that 'the defendant's servant, B., who was at the time watching and guarding the defendant's lumber yard and had charge thereof, unlawfully, without cause, and maliciously, made an assault upon' the plaintiff to an extent specified, 'all of which the said defendant's servant did wrongfully and without cause in an unjustifiable attack upon the plaintiff, under an assumption that the plaintiff was trespassing upon the defendant's land, and without notice to leave'." And it was held on demurrer that the declaration did not sufficiently allege that the assault was committed by B. while acting within the scope of his employment as defendant's servant, and the demurrer was sustained.

We are of opinion that the original declaration did not sufficiently allege that the assault upon the plaintiff was committed by the servant of the defendant while acting within the scope of his employment in the prosecution of the business of the defendant, and that it failed to state a cause of action against the defendant, and the demurrer thereto was, therefore, properly sustained. See also Davis v. Houghtelin, 33 Neb. 582; Mitchell v. Hughes, 32 Pac. Rep. 185; Hamberg v. Singer Mfg. Co., 4 N. Y. Supp. 185.

The amended declaration set up a new cause of action as to which the filing of that declaration was the beginning of the suit. To that cause of action the Statute of Limitations pleaded thereto was an unanswerable bar and the peremptory instruction to find the defendant not guilty should therefore have been given.

The judgment of the Superior Court will be reversed with a finding of facts, and the cause will not be remanded.    *Reversed with finding of facts.*