# CASES

# FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

DURING THE YEAR 1908.

William Maegerlein, Appellee, v. City of Chicago, Appellant.

Gen. No. 13,978.

1. PLEADING—*when propriety of filing of plea admitted.* A plaintiff by demurring to a plea of the Statute of Limitations to an amended count admits that such plea is properly filed.

2. PLEADING—*when original count withdrawn.* By filing with leave of court an amended count, complete in itself, containing no reference to the original count which it is designed to supplant, such original count is withdrawn and is admitted to be superseded by the new count filed.

3. PLEADING—*when defendant entitled to plead de novo.* Where one count of a declaration is by intendment withdrawn and a new count substituted therefor, the defendant is entitled to plead *de novo.*

4. PLEADING—*when defendant entitled to plead de novo.* Where a material amendment is made in a declaration, the defendant is entitled to plead *de novo.*

5. PLEADING—*when amendment relates back to the beginning of the action.* The declaration in a cause relates back to the beginning of a suit, and where an amendment of a declaration is a mere restatement of the cause of action set up in the declaration, it relates back to the beginning of the suit.

6. PLEADING—*when amendment does not relate back to beginning of action.* An amendment which introduces a new cause of action does not relate back to the beginning of the suit so as to stop the running of the Statute of Limitations but is the equivalent of a new suit on such cause of action and the statute continues to run until the amendment is filed.

7. STATUTE OF LIMITATIONS—*when bars cause of action set up in additional count.* *Held,* that the cause of action set up in the new count filed in this case was not the same cause of action originally

Maegerlein v. City of Chicago.

sued upon, that the right to plead *de novo* to such new count was absolute in the defendant, and that the plea of the Statute of Limitations interposed by the defendant was a complete bar to the action.

8. PLEADING—*when question whether new count states a new cause of action is raised and when not raised by demurrer to the plea of the Statute of Limitations to such count.* If the plea in such case is, in form, that the cause of action did not arise within, etc., *before the filing of the count,* the question is raised by demurrer to the plea of the statute. If the plea is, in form, that the cause of action did not arise within, etc., *before the beginning of the suit,* the question is not raised by demurrer to such plea, but is presented on the trial, where the plea is traversed, as a question of law.

Action on the case. Appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed with finding of facts. Opinion filed June 2, 1908.

GEORGE W. MILLER, ROBERT N. HOLT and THOMAS J. SUTHERLAND, for appellant; EDWARD J. BRUNDAGE, of counsel.

FELSENTHAL, FOREMAN & BECKWITH, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant from a judgment for $3,990, recovered in an action on the case for damages to the personal property of the plaintiff. The question presented relates to the plea of the five years' Statute of Limitations to the amended third count of the declaration.

The original declaration, filed February 4, 1904, contains two counts, each alleging that plaintiff was the owner of certain lots fronting on Mary street; that defendant wrongfully, etc., constructed an embankment across said Mary street, and thereby plaintiff's said real estate was damaged, etc. To this declaration the defendant pleaded not guilty. March 12, 1907, an order was made giving plaintiff leave to amend his declaration instanter, and providing, "that the plea to the original declaration stand as pleaded to the declaration as amended." The same day, plaintiff

filed an "amended declaration" containing three counts, the first two of which are in substance the same as the counts of the original declaration. The third count repeats the allegations of the first and second counts in relation to the ownership by plaintiff of said lots and the construction of an embankment across Mary street by defendant in 1900; alleges that prior to said time, defendant had provided said Mary street with sewer pipes, manholes, catch basins, etc., to carry off the water from said street, and that defendant, in the year 1900, wrongfully, etc., "closed all sewer connections in front of plaintiff's premises, whereby the natural flow of water had been drained off from said street and from adjoining premises." It then alleges that in a building on said premises, the plaintiff had stored certain articles of personal property which were greatly damaged, etc., by water which, by reason of the premises, ran into the basement of plaintiff's said building.

The trial began April 22, 1907, before a jury.

April 25, by leave of court, plaintiff filed another count, which begins as follows: "And now comes the plaintiff, by his counsel, and amends the third count of his declaration, heretofore filed by him, so as to read as follows." Then follows a count, complete in itself and containing no reference to the original third count. The count is a substantial repetition of the original third count filed March 12, except that it alleges that defendant constructed said embankment in 1901, and then: "wrongfully removed, closed and obstructed all catch basins, manholes and sewer connections in said Mary street in front of plaintiff's premises, whereby the natural flow of water had been drained off from said street and from adjoining premises." The wrongful act alleged in the original third count was that defendant, "wrongfully closed and obstructed all sewer connections," and that in the amended third count was, that it, "wrongfully removed, closed and obstructed all catch basins, manholes and sewer connections."

Maegerlein v. City of Chicago.

To the amended third count the defendant filed a plea averring that the causes of action in said amended third count mentioned, "did not, nor did either of them, accrue to the plaintiff at any time within five years next before the commencement of this suit, in manner and form as the plaintiff has above complained against it, the defendant, in said third count as amended," etc. To this plea the plaintiff filed a general demurrer which was sustained.

It appears from the bill of exceptions that the plaintiff "abandoned" on the trial the first two counts of his amended declaration.

That the third count of the declaration stated a new cause of action against which the statute had run before that count was filed, is not controverted. In appellee's brief it is said: "March 12, 1907, the declaration was amended by the addition of a third count in which the cause of action was practically changed. Had appellant then interposed the plea of the Statute of Limitations to the declaration as amended, such a plea would have been a good defense, *but it did not*. Instead, it waived the plea of the Statute of Limitations and filed the plea of the general issue to the amended declaration." But plaintiff filed, April 25, an amended third count, to which on the same day defendant pleaded the five years' statute. The questions in the case are as to the right of the defendant to plead the statute to the amended third count, and whether the plea of the statute to that count is a good plea to the count. By demurring to the plea of the statute to the amended third count, the plaintiff admitted that the plea was properly filed and raised the question only as to the effect of such plea. By filing, with the leave of the court, an amended third count, complete in itself, containing no reference to the original third count, the original third count was withdrawn, and was superseded by such amended third count. 1 Ency. of Pl. & Pr., 625; Ray v. Fredigal, 3 Pa. S. 221. To such count the defendant had the right to plead *de*

*novo.* If the new matter set out in the amended third count had been added to the original third count by amendment, the count would thereby be amended in a material respect, and the defendant would have the absolute right to plead to such count as amended. Griswold v. Shaw, 79 Ill. 449. We think that the defendant had the right to plead the statute to the amended third count.

The declaration in a cause relates back to the beginning of the suit. Where an amendment of the declaration is a mere restatement of a cause of action stated in the declaration, it relates back to the beginning of the suit.

An amendment which introduces a new cause of action does not relate back to the beginning of the suit so as to stop the running of the Statute of Limitations, but is the equivalent of a new suit on such cause of action, and the statute continues to run until the amendment is filed. Eylenfeldt v. Ill. Steel Co., 165 Ill. 185.

Where the plea of the Statute of Limitations to a new or amended count or *narr.* is in form, that the cause of action, etc., did not accrue within, etc., prior to the filing of such new or amended count or *narr.*, a demurrer to such plea raises the question whether such new or amended count or *narr.* sets up a new cause of action or only presents by way of restatement the same cause of action which was set up in the original declaration. If the new or amended count or *narr.* only restates a cause of action stated in the original declaration and therefore relates back to the beginning of the suit, the plea that the cause of action did not arise within, etc., prior to the filing of such new or amended count or *narr.* is no answer to the cause of action so set up. But if such new or amended count sets up a new cause of action and is therefore, as to such cause of action, the beginning of the suit, then such plea of the appropriate Statute of Limitations is a good plea.

Where the plea of the statute to a new or amended count or *narr.* is in form that that the cause of action

did not arise within etc. *prior to the beginning of the suit,* a demurrer to the plea does not raise the question whether such new or amended count, or *narr.,* sets up a new cause of action, or only restates a cause of action stated in the original declaration, but only the question whether the cause of action set up in such new or amended count or *narr.* is barred under the statute by the time which the plea alleges elapsed between the time when the cause of action accrued and the beginning of the suit.  But upon the trial of the issue made by such plea and a traverse thereof, the same question of law is presented that arises upon demurrer to a plea which avers that the causes of action, etc., did not accrue within etc. prior to the filing of such new or amended count or *narr.*  In either case the court determines, by inspection and comparison of the original declaration and the new or amended count or *narr.,* the question whether such new count or *narr.* sets up a new cause of action, or only restates a cause of action set up in the original declaration.  In the one case it sustains or overrules the demurrer, as it is of opinion that the new or amended count or *narr.* restates a cause of action stated in the original declaration or sets up a new cause of action.  In the other case the court declares as a matter of law that the suit was begun when the *praecipe* was filed, or when the new or amended count was filed, as it is of opinion that the new or amended count or *narr.* restates a cause of action set up in the original declaration, or sets up a new cause of action.

In I. C. R. R. Co. v. Cobb, 64 Ill. 140; N. C. R. M. Co. v. Monka, 107 *id.* 342; Phelps v. I. C. R. R. Co., 94 *id.* 548; C., B. & Q. R. R. Co. v. Jones, 149 *id.* 397; Fish v. Farwell, 160 *id.* 236, and I. C. R. R. Co. v. Campbell, 170 *id.* 163, the plea in each case of the Statute of Limitations to the new or amended count or *narr.* was, in form, that the cause of action did not accrue within, etc., prior to the filing of such new or amended count or *narr.*  In each case a demurrer to the plea was interposed and it was held that the de-

murrer was properly overruled where a new cause of action was set up in such new or amended count or *narr.*, and properly sustained where the cause of action set up in the original declaration was only restated in such new or amended count or *narr.*

In Secord-Hopkins Co. v. Lincoln, 173 Ill. 357, S. C. *sub nom.* Pullman v. Secord-Hopkins Co., 73 Ill. App. 30, the plea was that, "the cause of action in the amended declaration did not accrue to the plaintiff within five years before the commencement of the suit." Upon this plea issue was joined. The plaintiff had judgment in the Circuit Court. Upon appeal it was held that the amended declaration set up a new cause of action to which the statute pleaded was a complete defense, and the judgment was reversed with a finding of facts that the promises set forth in the amended declaration were made more than five years prior to the filing of the amended declaration, and the cause was not remanded. Upon a further appeal to the Supreme Court the judgment of the Appellate Court was affirmed.

In this case the plea was pleaded to the third count of the declaration as amended, and averred that the cause of action in that count mentioned did not accrue to the plaintiff within five years, "next before the commencement of this suit in manner and form as the plaintiff has above complained against it, the defendant, in said third count as amended."

We think that even if the amended third count had presented merely a restatement of a cause of action stated in the original declaration, the plea would be a good plea and the demurrer to it, in that case, should have been overruled. But that is a question not necessary to be decided. The cause of action set up in the amended third count was a new cause of action; the defendant had the right to plead the Statute of Limitations to that count, and it pleaded it promptly. The plea presented a bar to the count, and the demurrer to it should have been overruled.

Upon the trial of an issue made by a traverse of the plea, it would be the duty of the court to declare either that the suit, as to the cause of action set up in the amended third count, was begun April 25, 1907, when that count was filed, or March 12, 1907, when the original third count was filed and the wrongful acts of the defendant averred in either count were done and committed in 1901, more than five years prior to the filing of the original third count, and were therefore barred by the statute when that count was filed.

The usual practice in a case where a demurrer to a plea presenting a good defense to the declaration has been sustained is, no doubt, to reverse with directions to overrule the demurrer. But in this case, where appellee has admitted in his brief that the plea of the five years' Statute of Limitations would have been a good defense to the original third count, if pleaded thereto, we are unable to perceive any sufficient reason for remanding the cause, either with or without such directions.

The wrongful acts of the defendant averred in the third count and in the third amended count of the declaration were done and committed in 1901, more than five years prior to the filing of the third count. The causes of action arising therefrom were barred by the statute on March 12, 1907, when the original third count was filed. It is then not material whether such new cause of action be regarded as introduced in and by the original third count or in and by the amended third count. If in and by the original third count and the count filed April 25th be regarded as an amendment to that count, and not as an amended count, still the amendment being in a material respect, gave the defendant, as we have seen, the right to plead the statute to the count as amended. In either case the right to plead the statute is clear; in either case the statute was properly pleaded; in either case the bar of the statute is complete.

It is manifest that there can be no recovery under either the original or amended third count, for the

Statute of Limitations is an unanswerable bar to the cause of action set up therein, and the first and second counts were abandoned by the plaintiff. The judgment will therefore be reversed with a finding of facts, and the cause will not be remanded.

*Reversed with finding of facts.*