Anna E. Johnson, Appellee, v. Charles M. Coey, Appellant.

Laura Johnson, Appellee, v. Charles E. Coey, Appellant.

Lydia Johnson, Appellee, v. Charles E. Coey, Appellant.

Gen. Nos. 14,052, 14,053 and 14,054.

Consolidated for hearing.

1. NEGLIGENCE—*when question as to whether collision result of, to be determined by jury.* Held, that the question as to whether or not the collision involved in this case, which was between an automobile and a street car, was the result of the negligence of the chauffeur, was a question of fact to be determined by the jury.

2. NEGLIGENCE—*when existence of latent defects resulting in accident does not constitute.* The owner or operator of an automobile is not liable for an accident resulting from a collision if such accident was occasioned solely by latent defects in materials employed in the construction of the machinery of such automobile which the usual and well-recognized tests afforded by science and art for the purpose fail to detect, nor is such owner or operator liable for accidents by which injury is caused when skill and experience are not able to foresee and avoid them.

3. AUTOMOBILE—*care required in handling of.* No matter how great the rate of speed which the law and the ordinance permit, "as a general rule the owner or operator of an automobile still remains bound to anticipate that he may meet persons at any point in a public street, and he must keep a proper lookout for them, and keep his machine under such control as will enable him to avoid a collision." Quoted with approval from Thies v. Thomas, 77 N. Y. Supp. 276.

4. EVIDENCE—*who competent to testify to rate of speed.* One not an expert may testify as to the speed of a railroad train or other vehicles, and state his opinion, based upon observation of the vehicle while in motion.

5. INSTRUCTIONS—*when refusal of correct, will not reverse.* The refusal of a correct instruction is not ground for reversal where the substance of such refused instruction is contained in others given.

Action in case for personal injuries. Appeals from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed July 14, 1908.

Statement by the Court. These appeals are prosecuted from judgments rendered in actions brought by appellees respectively to recover damages for personal injuries received in a collision between an automobile belonging to the appellant and operated by a driver in his employ, with a street car. The collision occurred on Thirty-fifth street at its intersection with Indiana avenue, Chicago. The plaintiffs had hired the automobile of the defendant, together with the services of a driver or chauffeur. At the time of the accident the automobile was running west on Thirty-fifth street, approaching Indiana avenue, upon which a north-bound car was crossing Thirty-fifth street. There are two street car tracks running east and west on Thirty-fifth street and also two street car tracks running north and south on Indiana avenue. The north-bound street car on Indiana avenue had partly crossed the north of the two tracks on Thirty-fifth street, and was apparently about to stop on the north side of Thirty-fifth street, when the rear end of the car was struck by the automobile. The accident occurred between eight and nine o'clock in the evening of the 20th of July, 1904. The force of the collision was such that plaintiff Anna E. Johnson, who was riding on the front seat of the automobile, was thrown out upon the street and sustained injuries complained of, which were apparently of a serious nature. A deep cut was inflicted upon her forehead above the left eye, her legs were injured and there is evidence tending to show she suffered a severe shock to the nervous system. The other two plaintiffs were riding on the rear seat of the automobile and received injuries upon their lower limbs. It is claimed in behalf of the defendant that when within about twenty feet of the street car the driver of the automobile applied the brake, that the brake-rod broke, and that it was in consequence of the breaking of the rod that the collision occurred.

Each of the plaintiffs began a separate suit. The declarations are substantially the same in each case,

and charge that the injuries complained of were caused by the negligence of the driver of the automobile. By stipulation, the three cases were tried at one time, upon the same evidence. The issues were submitted to a jury and verdicts were returned in each case, finding the defendant guilty and assessing the damages of the plaintiff Anna E. Johnson at the sum of two thousand dollars, and of the plaintiffs Laura Johnson and Lydia Johnson at the sum of one hundred and fifty dollars each. Judgments were rendered accordingly.

The causes have been consolidated for review in this court and are presented upon the same abstracts and briefs.

BENJAMIN LEVERING, for appellant.

FRANK A. ROCKHOLD and FRANCIS X. BUSCH, for appellees.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is contended in behalf of the defendant that the accident occurred by reason of the breaking of the brake-rod of the automobile, occasioned by a flaw in the metal. It is said that the driver was experienced, that he put on the brake in apt time, that the flaw in question was one that could not be discovered by examination, that the machinery had been properly examined and tested before the car was allowed to go out, and that the chauffeur did all that could be done to stop the automobile as soon as the danger presented itself. It is contended that the defendant cannot be held legally liable for the accident and its results, under these circumstances; that a carrier is not liable to passengers "for damages incurred through latent defects which could not have been discovered by examination by any usual and practicable tests," citing Wharton on Negligence, 2nd ed., sec. 631. There is evidence tending to show the automobile was thoroughly inspected before

it left the garage, and that it was not possible by inspection or otherwise to discover the alleged flaw in the brake-rod. The rod in question was produced by defendant at the trial and the latter testified it was the identical rod used on the machine at the time of the accident. Whether, however, the rod was broken by reason of the alleged flaw or by reason of a sudden and severe strain put upon it in the effort of the driver to bring the automobile to a stop in order to prevent the collision, or whether it was broken, as were other parts of the machine, by the force of the collision itself, were questions of fact under the evidence for the jury. The only evidence tending to show that the rod broke at the time the brake was being set by the driver in an effort to stop the machine, is contained in an affidavit filed in support of a motion for continuance made by the defendant in the trial court. From that affidavit it appears that the chauffeur who was in charge of the car at the time of the accident was in Wisconsin and that for some reason he refused to attend the trial. To avoid a continuance the plaintiffs admitted that if the said chauffeur was present he would testify that the brake-rod broke when he applied the brakes and that this prevented him from stopping the car. There is no other evidence as to what caused the breaking of the rod, except the flaw alleged to exist in the rod at a place where it appears to have been fractured. There is on the other hand evidence tending to show that the automobile was going at a high rate of speed at the time the collision occurred. There is testimony in behalf of the defendant tending to show that an automobile like the one in question could be stopped within fifteen or twenty feet by the application of the brakes, even though going at the rate of twelve or fifteen miles an hour, and it is claimed that in the case at bar the chauffeur would have testified, had he been present, that the machine would have stopped more than six feet from the car if the brake-rod had not broken. It is apparent, however, from the evidence

that in order to stop within fifteen or twenty feet a heavy motor car like the one in question, while going at a rapid rate of speed, a severe strain would be applied to the brake-rod and other parts of the machinery. It was, we think, a proper question for the jury as to whether or not it was negligence on the part of the driver, under the circumstances in evidence, to run the automobile at a high rate of speed, if it was so running, when approaching a cross street upon which a street car was slowly proceeding in full view and which could be plainly seen by the driver of the automobile in ample time to check the speed of his car gradually and without strain upon its machinery. We cannot say a jury is not justified in finding the driver of an automobile guilty of negligence, who under such circumstances plunges ahead at a full rate of speed until within barely stopping distance of a car crossing the street in front of him, and so close that he can only stop his machine, if at all, by putting a great strain upon its parts. There is evidence tending to show that the automobile in this case was moving at a rapid rate of speed; that it "was going very fast." It appears from the evidence that its front part was badly damaged by the collision and the machine disabled; that it had to be dragged away by another machine, and during the fifteen or twenty feet before it struck the street car it was running at least twelve or fifteen miles an hour. One of the witnesses testifies that "It seemed to me to be going mighty fast. The Indiana avenue car was going north, when all of a sudden the automobile just bounded into the car." This witness says he first saw the automobile when it was half a block away and saw it from that time until it struck the car. The jury were evidently justified in concluding that it was proceeding at a rapid rate of speed, in view of unquestioned facts. The collision occurred with such force as to violently throw the plaintiff Anna E. Johnson upon the street and to inflict

severe injuries upon the lower limbs of other occupants of the machine.

The automobile is a machine of great power and capable of a high rate of speed. In Thies v. Thomas, 77 N. Y. Supp. 276, it is said that no matter how great the rate of speed which the law and the ordinances permit, "as a general rule the owner or operator of an automobile still remains bound to anticipate that he may meet persons at any point in a public street, and he must keep a proper lookout for them, and keep his machine under such control as will enable him to avoid a collision." The power and capacity for high speed of an automobile affords no excuse for negligence in its operation on the highway. This power and capacity rather call for a higher degree of care on the part of the operator, to prevent serious accident and injury to persons and property of others, than would be necessary under the same circumstances on the part of the driver of a vehicle of less power and speed. In the case at bar the street car with which the machine collided was plainly in view, slowly crossing the street in front, when the automobile was at least half a block away from it. The plaintiffs were passengers in the defendant's machine, and as such were entitled to the exercise of care and caution in the operation of the automobile in which they were riding. It was for the jury to determine whether or not, in the present case, negligence of the driver was the approximate cause of the collision and of the injuries resulting (Pullman Palace Car Co. v. Laack, 143 Ill. 242), or whether, as defendant's counsel contends, a latent defect in the machinery of the automobile was the sole cause of the accident. It is undoubtedly true that the defendant could not be held to answer for a latent defect in materials employed in the construction of the machinery of his automobile, which the usual and well-recognized tests afforded by science and art for the purpose fail to detect, nor for accidents by which injury is caused, when skill and ex-

perience are not able to foresee and avoid them; but the jury have found against the defendant's contention and we are of opinion their finding is warranted by the evidence.

It is claimed in behalf of the defendant that the court erred in permitting the introduction of testimony as to the speed of the automobile at the time of the accident, by witnesses who "did not first testify as to their experience in judging of the rate of speed of automobiles, nor their qualifications for forming an opinion as to such rate of speed." The objection is not well taken. One not an expert may testify as to speed of a railroad train or other vehicles, and state his opinion, based upon observation of the vehicle while in motion. Louisville & St. L. v. Gobin, 52 Ill. App. 565-567.

It is contended that the court erred in refusing an instruction requested in behalf of the defendant. The instruction is as follows:

"The court instructs the jury that the plaintiff has charged in her declaration in this case that she received her injuries by reason of the negligent running of the automobile by the driver of the defendant, and does not allege any other ground of recovery; and the court further instructs the jury that if they believe from the evidence in this case that the plaintiff received injuries and that they were caused by an accident resulting from defective machinery, the plaintiff cannot recover because the plaintiff has not alleged said cause as a ground of recovery."

We find no error in the refusal of the court to give this instruction, in view of the fact that other instructions given at the defendant's request contained the substance of the instruction refused. Instructions seven and eight, given in behalf of the defendant, expressly told the jury that if they believed from the evidence the accident was caused by the breaking of a part of the apparatus for applying brakes to said automobile, and that the breaking of such part was

not caused by the negligence of the driver in operating the automobile, the plaintiffs could not recover.

Finding no material error in the record, the judgment of the Superior Court will be affirmed.

*Affirmed.*