WILLIAM MAEGERLEIN, Appellant, *vs.* THE CITY OF CHI-
CAGO, Appellee.

*Opinion filed December 15, 1908.* ·

1. PLEADING—*when an original count is superseded.* Where an
original count is amended by a count which is complete in itself,
and which does not, by reference or otherwise, make the original
count, or any part thereof, a part of the amended count, the origi-
nal count, though it is still a part of the record, is superseded by
the amended count and is no longer a part of the plaintiff's aver-
ments against the defendant.

2. SAME—*when plea of Statute of Limitations should not be
treated as filed without leave.* If, when a plea of the Statute of
Limitations is filed to an amended count, no objection is made to
its remaining on file or that it was filed without leave, but the
plaintiff demurs to the plea upon the ground that the amended
count states the same cause of action as the original count, to
which the general issue was filed, the plea should not be treated
as filed without leave though the court sustains the demurrer.

3. SAME—*court may grant leave to file plea of Statute of Lim-
itations though general issue is filed.* Although a plea of the gen-
eral issue has been filed to the declaration, the court may, in its
discretion, grant leave to the defendant to file a plea of the Stat-
ute of Limitations after the trial has been entered upon.

APPEAL from the Branch Appellate Court for the First
District;—heard in that court on appeal from the Circuit
Court of Cook county; the Hon. R. W. CLIFFORD, Judge,
presiding.

On July 12, 1907, William Maegerlein recovered a judg-
ment for the sum of $3990 in the circuit court of Cook
county against the city of Chicago, the appellee, for dam-
ages to certain personal property owned by Maegerlein, al-
leged to have been caused through the acts of the appellee,
which resulted in a diversion of the surface water from
Mary street, in that city, to and upon the premises of Mae-
gerlein and under a building there owned by him and used
for manufacturing and storage purposes. The judgment of
the circuit court has been reversed with a finding of facts

by the Appellate Court for the First District but the cause was not remanded, and to review that judgment Maegerlein has prosecuted this appeal.

The suit was begun October 27, 1903. The original declaration, consisting of two counts, was filed on February 4, 1904, and alleged only damages to the real estate owned by appellant on account of the obstruction of Mary street in front of his premises by a railway embankment. To this the city pleaded not guilty. On March 12, 1907, appellant filed an amended declaration, consisting of three counts. The first and second were, in substance, the same as the counts in the original declaration, and the third alleged that the plaintiff was the owner of certain lots; that prior to the committing of the grievances thereinafter set forth said Mary street in front of said premises was provided with, and had theretofore been provided by defendant with, sewer pipes, catch-basins, man-holes, and divers other means and appliances for carrying off the natural flow of water upon said street in front of the premises of plaintiff, and that by means of such connections and appliances the flow of water caused by rainfall or the melting of snow and other causes had always prior to that time been carried off and adequately disposed of, so that no surface water stood in the street or overflowed therefrom, or from any source, onto and over the premises of plaintiff; that defendant, well knowing the premises but regardless of the rights of plaintiff, during the year 1900 wrongfully closed and obstructed all sewer connections in front of the plaintiff's premises, whereby the natural flow of water which had theretofore been drained off from said street and from adjoining premises was interfered with and prevented; that on account of the acts charged, rainwater in large quantities, which ordinarily flowed into said sewers, was diverted from its natural course and ran and flowed in a different direction and over and upon the land and premises of the plaintiff and there remained, and injured large quantities of

an article of commerce owned by plaintiff and known as "fill hose," which was in the building there owned by the plaintiff.

On the day that the amended declaration was filed an order was entered that the plea of the general issue filed by defendant to the original declaration stand as pleaded to the amended declaration. On April 24, 1907, on the third day of the trial, the appellant amended the third count of the amended declaration, and thereby that count was made to charge that the wrong was done by the city in 1901, and consisted in the removal of catch-basins, man-holes and sewer connections. A plea of the five year Statute of Limitations was interposed by the defendant to this count as so amended, to which plea appellant filed a general demurrer, which was sustained, and the trial proceeded.

On July 3, 1901, the employees of the sewer department of the city removed two catch-basins and the sewer connections in Mary street in front of appellant's building and nothing to take their places as drains was provided. Following this, within a day or two, several railroad companies using rights of way in that street began the construction of an embankment in front of appellant's premises for the purpose of elevating their tracks. After this work was begun the surface water from the street, which prior to that time had drained off through the catch-basins, formed pools in the street immediately in front of appellant's building and also formed pools on the premises of the appellant adjoining his building. Appellant was engaged in this building in the business of making "fill hose" from the esophagi of cattle. The esophagi were treated by a process which fitted them to be used in the brewing business for conducting beer from vats to kegs. In the preparation of these articles for use they were hung up to cure for a year or more in the building, and when they were properly prepared for use they were wrapped and packed in air-tight glass jars and stored away in the basement of the building

237—11

until such time as they were shipped out to buyers. Some time after the removal of the catch-basins complaints were received by appellant from customers in regard to the condition of the goods shipped to them and many boxes of the goods were returned to him. Upon investigation he discovered that under the floor of the basement of the building there was a pool of stagnant water, and that practically his whole stock stored in the basement had become unfit for use and worthless because of dampness. Thereupon he instituted this action.

The finding of facts made by the Appellate Court was to the effect that the wrongs complained of by the third count, both as originally filed and as amended, were all done during the year 1901. That court held that the circuit court erred in sustaining the demurrer interposed to appellee's plea of the Statute of Limitations, and it is insisted by appellant that this holding of the Appellate Court is wrong.

FELSENTHAL, FOREMAN & BECKWITH, for appellant.

EDWARD J. BRUNDAGE, Corporation Counsel, ROBERT N. HOLT, and EMIL C. WETTEN, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

No proof was offered which would sustain a recovery under the first or second count of the declaration, either as originally filed or as amended. In fact, those counts were abandoned by the plaintiff upon the trial. The third count first appears in the case as a count in the amended declaration filed on March 12, 1907, and it is now conceded that it states a cause of action other and different from the causes of action stated by the first and second counts, either as those counts were originally filed or as they were amended. To the amended declaration so filed on March 12 it was ordered that the plea of the general issue which had

been filed to the original declaration should stand as pleaded to the declaration as amended. The plaintiff, on April 22, 1907, pursuant to leave of court, amended his third count by filing a count introduced as follows: "And now comes the plaintiff, by his counsel, and amends the third count of the declaration heretofore filed by him so as to read as follows," and then follows a count which is in itself complete. It does not, by reference or otherwise, make the original third count, or any part thereof, a part of the amended count. The original third count, while still a part of the record in the case, was withdrawn and superseded by the amended third count, so that it was no longer a part of the plaintiff's averments against the defendant. 1 Ency. of Pl. & Pr. 625; *Baker* v. *L. & N. T. Co.* 106 Tenn. 490.

It appears both by the original and by the amended third counts that the alleged wrong or wrongs upon which those counts were founded occurred more than five years before the filing of the original third count. The appellant, in effect, concedes that had the Statute of Limitations been filed to the original third count it would have presented a defense thereto, but insists that the amended third count states the same cause of action as the original third count; that it is but an amplification of that count, and that the defendant having elected to file the general issue and not to file a plea of the Statute of Limitations to the original third count, thereby waived and lost its right to file the plea of the Statute of Limitations as to the cause of action set up by the original third count. The cases upon which he relies are cases in which no plea of the Statute of Limitations was ever filed. At the time of the filing of the plea of the Statute of Limitations to the third count as amended, the court might, in its discretion, have given leave to defendant, upon application, to file a plea of the Statute of Limitations to the original third count had no amendment thereto been made. When the plea of the statute was interposed to the third count as amended, no motion to strike

it from the files was made and no objection was taken to it on the ground that it had been filed without leave. On the contrary, plaintiff demurred to it for the reason "that said third count, as amended, of the plaintiff's declaration is the same cause of action as originally filed by the said plaintiff and not a different cause of action," and that demurrer the court sustained. We think that upon the record made herein it should not now be said that this plea was filed without leave of court,—this on appellant's theory that the cause of action stated in the third amended count is the same cause of action as that stated in the third original count. If the cause of action stated in the third amended count was not the same as that stated in either of the counts theretofore filed, defendant unquestionably had the right, without leave, to interpose the plea of the statute. That plea presented to the third amended count a perfect defense.

It is not urged that the Appellate Court should have remanded the case if it was correct in holding that the demurrer to the plea of the Statute of Limitations should have been overruled.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*