## STAPLETON *et al* v. O'HARA *et al.*

No. 1743.   Opinion Filed May 14, 1912.

(124 Pac. 55.)

**APPEAL AND ERROR—Review—Grounds of New Trial.** On an action brought to recover on a foreign judgment, the court denied defendants the right to amend their answer by pleading the statute of limitations and on a trial rendered judgment against them. On reconsidering the case on the presentation of a motion for a new trial, the court granted the same without assigning any reason therefor. The presumption obtains in this court that judgments and orders of trial courts are correct; and where discretion is exercised, except where the abuse thereof is affirmatively shown, the same will not be disturbed on appeal.

(Syllabus by the Court.)

*Error from Okmulgee County Court;*
*M. M. Alexander, Judge.*

Action by Edward Stapleton and John Wilder against H. C. O'Hara and others. Verdict for plaintiffs. From an order granting a new trial, they bring error. Affirmed, and remanded.

*G. E. Cassity,* for plaintiffs in error.

DUNN, J. This case presents error from the county court of Okmulgee county. From an order granting defendants a new trial, plaintiffs have brought the case to this court for review. The action is brought to recover on a foreign judgment. To plaintiffs' petition defendants filed an answer consisting of a general denial. Thereafter, without consent of the court, they filed an amended answer setting up that the plaintiffs' action

was barred by the statute of limitations for the reason that more than one year had expired since the right of action had accrued. Thereafter plaintiffs filed a motion to strike the said amended answer from the files, which, after a hearing, the court granted, and the cause came on regularly for trial on the original answer. Trial was had to the court, which rendered judgment in favor of plaintiffs, and a motion for new trial was filed by defendants and by the court granted, from which order plaintiffs have lodged the case in this court for review.

We are asked to reverse the order of the court granting a new trial. The record before us discloses that the only evidence offered on the hearing was the duly certified record of the judgment, which appears in all particulars to be formal. The sufficiency thereof presents but a pure, unmixed question of law, and if the judgment rendered on this evidence was the only action of the court upon which a new trial was asked, the same would be reviewed, and the order granting the same might be set aside. But, as stated above, the court struck from the files the amended answer of defendants setting up the statute of limitations. Orders made on application for leave to amend pleadings are largely in the discretion of the trial court, and this is always true where it is in furtherance of justice. Section 5679, Comp. Laws 1909. Although a plea of the statute of limitations has been denominated an unconscionable defense, and formerly the defendant would not be allowed as a matter of favor to plead the same after the time for pleading it as a matter of right had elapsed, the rule was not always approved even where it was followed, and it is now very generally abandoned or so far modified as to commit the allowance or disallowance of the amendment to the discretion of the court, and, where the court has acted, the conclusion which it reaches will not be reviewed and reversed except upon an affirmative showing of abuse. *Whereatt v. Worth et al.*, 108 Wis. 291, 84 N. W. 441, 81 Am. St. Rep. 899; *Macgerlin v. City of Chicago*, 237 Ill. 159, 86 N. E. 670; *Houts et al. v. Bartle et al.*, 14 S. D. 322, 85 N. W. 591; *Phoenix Ins. Co. v. Dankwardt et al.*, 47 Iowa, 432; *Cooke v. Spears*, 2 Cal. 409, 56

Am. Dec. 348; *Mitchell v. Cotten, Executor,* 3 Fla. 134; *Lange v. Union Pac. R. Co.,* 126 Fed. 338, 62 C. C. A. 48. The presumption accompanying the order granting a new trial in this case is that the court acted correctly. The fact that, in the exercise of its discretion, it denied the amendment, did not preclude it on a reconsideration of the case at the same term to review its action, if in the furtherance of justice it deemed it proper. As the reasons for allowing the new trial are not set forth, and the record presents the foregoing as a reasonable basis for its action to sustain the judgment and order rendered, it will be presumed here that it was on this that the court acted.

The order granting a new trial is therefore affirmed, and the case remanded.

TURNER, C. J., and HAYES and KANE, JJ., concur; WILLIAMS, J., absent, and not participating.