Annie Heidenreich, by Frank Heidenreich, her next friend, Appellee, v. David F. Bremner, Jr. et al., Appellants.

Gen. No. 17,524.

1. Highways—*injury to child at crossing.* Where evidence that a thirteen-year-old child was not running while crossing a street at a busy corner, heard no noise and did not hear nor see an approaching team that was running fast until too late to avoid being knocked down, is contradicted by evidence that the team was slowed down as it approached the crossing, that the driver was looking straight ahead and that the track was clear, and that the child suddenly attempted to cross without looking and

collided with a man, resulting in her being knocked against the horses, a verdict for the child will be sustained.

2. HIGHWAYS—*when injured person's exercise of care is for the jury.* Where a thirteen-year-old child was not running, heard no noise and did not hear nor see an approaching team that was running fast until too late to avoid being knocked down, whether the child was exercising reasonable care for her safety at the time of the accident is a question for the jury.

3. MASTER AND SERVANT—*evidence of ownership of wagon driven by employee.* Evidence by the driver of a wagon that ran over a girl that at the time of the accident the defendants did business as "B—— Brothers," that he was working for them or was paid by them, that the horses and wagons belonged to them, that he gave a policeman a printed sales slip bearing the name "B—— Bros.," with evidence by defendants' attorney that they were partners at the time of the accident, and evidence that the wagon bore the sign "B—— Brothers," establishes that defendants owned and controlled the horse and wagon.

4. EVIDENCE—*speed of horse.* To establish how fast a horse and wagon were going, nonexpert witnesses may testify that "that they were going at a fair speed," "the horses were going at a pretty fast gait," "the horses were just running" and "the horses were running fast."

5. DAMAGES—*when instruction on child's loss of earnings is proper.* Where an action is brought for injuries sustained by a child, an instruction permitting the jury to consider the effect of the injury upon plaintiff's ability or disability in the future to work or to attend to affairs generally is not erroneous as permitting the jury to take into consideration plaintiff's ability to work and to earn compensation during her minority, where the suit was brought in the name of the father as next friend.

6. DAMAGES—*when not excessive.* Where a wagon passes over the leg of a female child in perfect health and fractures it so that it becomes deformed and considerably shorter than the other leg, and the lameness and deformity are permanent, and the lameness will become more aggravated with time, a verdict for $7,500 is not excessive.

7. APPEALS AND ERRORS—*harmless error.* Where counts are by amendment superseded by other counts and both parties have instructions granted that refer to the negligence charged in the declaration, it is not prejudicial to refuse an instruction offered by the defendant requiring the jury to disregard the superseded counts.

Appeal from the Circuit Court of Cook county; the HON. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed January 9, 1913.

BURTON & KANNALLY, for appellants.

QUIN O'BRIEN, for appellee.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This is an action brought by Annie Heidenreich, by her father as next friend, to recover damages for personal injuries sustained by her on April 25, 1907, at which time she was thirteen years of age. The accident happened about seven o'clock in the evening, at the corner of Center Avenue and Eighteenth Street in the City of Chicago. Plaintiff claimed that she was knocked down and run over on a street crossing by the horses and wagon owned by appellants, hereinafter called defendants. Plaintiff first sued David F. Bremner, Jr., James R. Bremner, Vincent A. Bremner, and John B. Bremner, as copartners, doing business as Bremner Brothers, but after verdict and before judgment the action was dismissed as to Vincent A. Bremner. The jury assessed plaintiff's damages at $7,500, upon which verdict the court entered judgment against the defendants, January 7, 1911. This appeal is prosecuted to reverse that judgment.

The evidence introduced on behalf of plaintiff tended to show that, at the time aforesaid, the horses and wagon of defendants were being driven north in Center Avenue, the wheels of the wagon tracking in the east street car track on that street; that the horses "were running fast" as they approached the busy corner of Center Avenue and Eighteenth Street; that the corner was well lighted and a band of street musicians were playing there at the time; that plaintiff started to walk *east* on the south cross walk across Center Avenue; that while she was crossing the east track she was knocked down by the east horse and the two east wheels of the wagon passed over her left

Heidenreich v. Bremner, 176 Ill. App. 230.

leg; that the leg was fractured in several places and is now deformed and considerably shorter than the right leg; that the lameness and deformity are permanent; that the lameness will become more aggravated with time; and that prior to the time of the accident she was a strong, healthy girl, attending school daily, and had none of the injuries, disabilities or deformities complained of. Plaintiff testified that while going east on said cross walk she was not running, that she heard no noise, that she did not hear or see the team until it was about four feet away from her, and that she was unable then to get out of the way of the team.

The evidence introduced on behalf of the defendants tended to show that the driver of said team, one Fitzgerald, while driving fast south of Eighteenth Street, had slowed down the speed of the team to about two and one-half or three miles an hour, as he approached said south cross walk, because of the switch in the car track just south of said cross walk; that he was looking straight ahead at the time and the track was clear in front of him; that plaintiff suddenly started to walk *west* across Center Avenue without looking either to the north or to the south; that as she "dashed" into the north-bound track she collided with a man crossing in the opposite direction, and that she was knocked against the horses, whereby the horses became frightened and "pranced;" that he could not stop the horses until the wagon had passed over plaintiff's leg, and that the wagon was twenty feet to the north before he got them under control. The testimony of some of plaintiff's witnesses was to the effect that after the wagon ran over plaintiff they were still running and were not stopped until they reached the north cross walk or beyond. The driver further testified that at the time of the accident the defendants did business as Bremner Brothers; that he was working for them and was paid by them; that the horses and wagon belonged to them, and that after the accident he gave a

policeman a printed sales slip bearing the name "Bremner Bros." The attorney for defendants testified that the defendants had been a partnership prior to their incorporation about May 24, 1907. Other witnesses testified that the wagon in question bore the sign "Bremner Brothers."

We are unable to agree with the contention of counsel for defendants that the verdict is manifestly against the weight of the evidence. Nor can we agree with the contention that plaintiff failed to prove by sufficient evidence that at and prior to the time of the accident she was exercising reasonable care for her own safety. Under the evidence this was a question for the jury.

Counsel for defendants further contend that plaintiff failed to establish by sufficient evidence that defendants at the time of the accident were the owners and in control of the horses and wagon. While defendants filed a special plea denying such ownership, we are of the opinion that said ownership and control, under the evidence in this case, was sufficiently established. Foster v. Wadsworth-Howland Co., 168 Ill. 514, 517; Consolidated Coal Co. of St. Louis v. Bruce, 150 Ill. 449, 452.

Counsel further contend that the court erred in refusing to give two instructions offered by defendants at the conclusion of all the evidence, to the effect that the jury disregard the first and second counts of the declaration filed February 15, 1909, and that they disregard the first and second counts of the amended counts filed January 31, 1910. The original declaration, filed February 15, 1909, consisted of two counts, to which defendants interposed a special demurrer. On January 31, 1910, plaintiff took leave to file "additional" counts, and on that day filed two "amended" counts. During the trial of the case, at the close of plaintiff's evidence, plaintiff obtained leave to file additional counts, and filed two counts which she also designated as "amended" counts. Counsel for de-

fendants argue that, by filing the two amended counts of January 31, 1910, plaintiff abandoned the two counts filed February 15, 1909; that when, during the trial, plaintiff filed two amended counts, the two counts of January 31, 1910, were also abandoned; that the counts filed on February 15, 1909, and on January 31, 1910, were "out of the case;" that defendants had a right to have the court instruct the jury to disregard them, and that the refusal of the court so to do constituted prejudicial error. Counsel for plaintiff admits in his written argument that said counts of February 15, 1909, and January 31, 1910, may properly be considered as being out of the case (Maegerlein v. City of Chicago, 141 Ill. App. 414, 417, aff'd 237 Ill. 159), but contends that it was not error of the court to refuse to give the instructions asked. Counsel for defendants argue that, inasmuch as several of the instructions offered by the plaintiff and given by the court to the jury referred to the "declaration," the jury might reasonably infer that they were to consider the negligence of the defendants as charged in the counts which have been superseded by the counts filed during the trial. In some of the instructions, offered by the defendants and given by the court, reference is made to the negligence "charged in the declaration," and, in view of the decision in Slack v. Harris, 200 Ill. 96, 115, we do not think that the trial court committed error prejudicial to the defendants in refusing to instruct the jury to disregard the counts referred to.

Complaint is made to the giving of instructions Nos. 2, 7 and 10 at the request of plaintiff. We do not think that the court erred in giving these instructions.

Complaint is also made to the giving of instruction No. 6, offered by plaintiff, in which the jury were instructed that "in estimating the plaintiff's damages, it will be proper for the jury to consider the effect, if any, of said injury upon the plaintiff's ability or disability in the future to work or to attend to her affairs

generally, if the evidence shows these will be so affected in the future." It is argued that the instruction was erroneous in that it permitted the jury to take into consideration the ability of plaintiff to work and to earn compensation during the period between the time of the accident and the time of obtaining her majority. While it is generally the law that "the pecuniary loss in earning power during the minority of the plaintiff could not properly be included in the damages assessed, because it would be the loss of the plaintiff's parent and not of the plaintiff" (Chicago City R. Co. v. Schaefer, 121 Ill. App. 334, 349; Western Union Tel. Co. v. Woods, 88 Ill. App. 375, 384), we do not think the giving of the instructions was error where, as in this case, the suit was brought in the name of the father as next friend. American Car & Foundry Co. v. Hill, 226 Ill. 227, 236; Ballentine v. Illinois Cent. R. Co., 157 Ill. App. 295, 306.

We are also of the opinion that no prejudicial error was committed in the refusal by the court to give instructions Nos. 11 and 33 offered by the defendants.

The contention is also made that the trial court erred in allowing certain witnesses, called by the plaintiff, to testify as to how fast the horses and wagon were going, one witness testifying that "they were going at a fair speed," another that "the horses were going at a pretty fast gait," another that "the horses were just running," and another that "the horses were running fast." We do not think that there is merit in the contention. "One not an expert may testify as to speed of a railroad train or other vehicles, and state his opinion, based upon observation of the vehicle while in motion." Johnson v. Coey, 142 Ill. App. 147, 153; Overtoom v. Chicago & E. I. R. Co., 181 Ill. 323, 327; Chicago City R. Co. v. Bundy, 210 Ill. 39, 45.

And we cannot agree with the contention that the

damages awarded by the jury are excessive, in view of all the evidence.

For the reasons indicated, the judgment of the circuit court is affirmed.

*Affirmed.*