### BENNETT v. KIOWA COUNTY BANK.

No. 3440. Opinion Filed January 12, 1915.

(145 Pac. 807.)

1. **APPEAL AND ERROR—Discretionary Ruling—Order Granting New Trial.** This court will not reverse the action of a trial court in granting a new trial, unless it can be seen, beyond all reasonable doubt, that such court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that, except for such error, the ruling of the trial court, would not have been so made.

2.      SAME—Judgment—Presumption—Discretionary Ruling.    The presumption obtains in this court that judgments and orders of trial courts are correct; and where discretion is exercised, except where the abuse thereof is affirmatively shown, the same will not be disturbed on appeal.

(Syllabus by Sharp, C.)

*Error from District Court, Kiowa County;*

*James R. Tolbert, Judge.*

Action by the Kiowa County Bank against M. V. Bennett and others. Judgment for defendant named, and from an order granting a new trial, defendant brings error. Affirmed.

*John T. Hays,* for plaintiff in error.

*Morgan & Dupree* and *L. M. Keys,* for defendant in error.

Opinion by SHARP, C. This case presents error from the district court of Kiowa county. From an order granting plaintiff a new trial, defendant has brought the case to this court for review. At the close of the trial, the defendant M. V. Bennett moved the court to peremptorily instruct the jury to return a verdict in her favor upon the ground that plaintiff had failed to establish any right to recover therein, charging that both the facts and the pleadings were insufficient to sustain a judgment in behalf of plaintiff and against defendant. The motion was sustained, and, under the court's direction, the jury returned a verdict in favor of said defendant. Thereafter, and within the time allowed by law, the plaintiff filed its motion for a new trial on the following grounds: (1) That the court erred in instructing the jury to return a verdict in favor of defendant; (2) abuse of discretion by the trial court by means of which the plaintiff was prevented from having a fair trial; (3) that the verdict and judgment were not sustained by sufficient evidence and were contrary to law; (4) error occurring at the trial in the exclusion of material and competent evidence offered on behalf of plaintiff; (5) admission over the objection of plaintiff of incompetent, irrelevant, and immaterial evidence offered on behalf of defendant; (6) errors of law occurring at the trial.

The court in the order sustaining the motion for a new trial assigned no reason therefor, and we are not advised of the specific grounds considered by the court as sufficient to justify its action, other than the reasons assigned in the motion for a new trial. It will be noted that the second ground of the motion for a new trial charged that the court abused its discretion during the trial, and that, as a result thereof, plaintiff was prevented from having a fair trial. The presumption accompanying the order granting the new trial in this case is that the court acted correctly. The fact that, in the exercise of its discretion, it delayed the trial of the case in the manner charged did not preclude the court from a reconsideration of the case at the same term. It undoubtedly had the right to review its own action, if in the furtherance of justice it deemed it proper. Such was the holding of this court in *Stapleton et al. v. O'Hara et al.,* 33 Okla. 79, 124 Pac. 55.

The condition upon which this court will reverse an order of a trial court granting a new trial is well settled to be that such order will not be set aside in this court unless it is clear that the trial court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that, except for such error, the ruling of the trial court would not have been made. *Hogan v. Bailey,* 27 Okla. 15, 110 Pac. 890; *Chapman v. Mason,* 30 Okla. 500, 120 Pac. 250; *Ardmore Lodge No. 9., I. O. O. F., v. Dawson,* 33 Okla. 37, 124 Pac. 66; *Sharp v. Choctaw Railway & Lighting Co.,* 34 Okla. 730, 126 Pac. 1025, and cases cited therein.

There being presented to the court, by the motion for a new trial, and, as one of the grounds thereof, a question involving the proper exercise of its discretion during the trial, we cannot say that the court erred with respect to some pure, simple, and unmixed question of law. In *Stapleton et al. v. O'Hara et al., supra,* action was brought to recover on a foreign judgment. The court denied defendants' right to amend their answer by pleading the statute of limitations, and on trial ren-

dered judgment against them. On reconsidering the case, on the hearing of the motion for a new trial, the court granted the same without assigning any reason therefor. It was held that the presumption obtained on appeal that judgments and orders of trial courts were correct; that where discretion is exercised, except where the abuse thereof is affirmatively shown, the action of the court will not be disturbed on appeal. With the rule announced we are satisfied.

The order of the trial court in granting plaintiff below a new trial should be affirmed.

By the Court: It is so ordered.