### BROWN *et al.* v. GOULDING.

No. 6034.   Opinion Filed February 8, 1916.

(155 Pac. 559.)

**APPEAL AND ERROR—Discretionary Ruling—Granting New Trial.**
The action of a trial court in granting a new trial will not be disturbed, unless it appears beyond all reasonable doubt that such court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that except for such error the ruling of the trial court would not have been so made.

(Syllabus by Bleakmore, C.)

*Error from Superior Court, Garfield County;*
*Dan Huett, Judge.*

Action by A. F. Goulding against J. D. Brown and another, partners as the Brown Furniture Company. Judgment for defendant E. M. Brown, and from an order granting plaintiff a new trial, defendants bring error. Affirmed.

*Bell & Fellows (L. C. McLean,* of counsel), for plaintiffs in error.

*James W. Steen,* for defendant in error.

Opinion by BLEAKMORE, C.  This action was commenced in the superior court of Garfield county on July 31, 1911, by the defendant in error, as plaintiff, against

the plaintiffs in error, as defendants, to recover a sum alleged to be due and owing by reason of the use and occupancy of certain premises in the city of Enid, under the terms of a written contract of lease. The parties are referred to as they appeared in the trial court. J. D. Brown defaulted. There was trial to a jury upon the issues presented by the answer of E. M. Brown, resulting in a verdict for defendant. Plaintiff in due time filed her motion for a new trial, based upon the following grounds: (1) Accident and surprise, which ordinary prudence could not have guarded against; (2) newly discovered evidence; (3) errors of law occurring at the trial; (4) that the verdict is against the evidence; and (5) that the verdict is against the law. The motion was sustained and a new trial granted, the court reciting in its order that:

"And thereafter the court, being fully advised in the premises and after hearing arguments of counsel, sustains said motion for the following grounds and reasons, viz.: First cause, for accident and surprise upon the trial of said cause; second cause, for newly discovered evidence. And for the further reason that the court upon the whole trial does not approve and is not satisfied with the verdict."

It is apparent that by said motion there was presented to the court below for review matters occurring at the trial, the proper determination of which involved the exercise of its discretion; and therefore it cannot be said that in granting a new trial the court erred with reference to some pure, simple, unmixed question of law. The established rule in such cases is that:

"This court will not reverse the action of a trial court in granting a new trial, unless it can be seen, be-

yond a reasonable doubt, that such court has manifestly and materially erred with respect to some pure, simple, and unmixed question of law, and that, except for such error, the ruling of the trial court would not have been so made. The presumption obtains in this court that judgments and orders of trial courts are correct, and where discretion is exercised, except where the abuse thereof is affirmatively shown, the same will not be disturbed upon appeal." (*Bennett v. Kiowa County Bank,* 44 Okla. 575, 145 Pac. 807.)

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.